Bay Lines, Inc., a trucking company, leased and then subsequently purchased a number of freight trailers from a dealer who sold trailers built by Stoughton Trailers, Inc. The lease for the first trailers began in July 1991; Bay Lines eventually purchased those trailers when the lease expired in July 1996. A second lease began on May 1, 1992, and Bay Lines subsequently purchased the trailers that were the subject of that lease in May 1997. In *Page 1015 
May 1993, Bay Lines purchased several trailers directly from Stoughton.
Stoughton built each trailer using fiberglass reinforced polycore side panels manufactured by Crane Co., through Crane's Dyrotech Industries, Inc., division, which was doing business as Cor Tec Company.[1] Bay Lines alleged that in late 1998 the fiberglass panels on the trailers delaminated, and that it notified Stoughton of the failure at that time. On January 14, 2000, Bay Lines sued Stoughton and Crane, alleging breach of express warranty, breach of implied warranty, negligent or wanton manufacture, Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") claims, breach of a third-party contract, and revocation of acceptance. Stoughton filed a Rule 12(c), Ala.R.Civ.P., motion for a judgment on the pleadings, which the trial court granted. Crane moved to dismiss under Rule 12(b)(6), Ala.R.Civ.P., alleging that Bay Lines had failed to state a claim on which relief could be granted, and the trial court granted Crane's motion. Bay Lines moved for a reconsideration of the Rule 12(b)(6) dismissal; the trial court granted that motion. On April 26, 2000, after further reconsideration, the trial court again dismissed the complaint as to Crane.
Bay Lines amended its complaint, again asserting claims against Crane and Stoughton, and also asserting claims against Dyrotech and Cor Tec (hereinafter referred to collectively as "Dyrotech"). Bay Lines asserted in its amended complaint that "Defendant Dyrotech Industries, Inc. . . . is a wholly owned subsidiary of Defendant Crane Co. Dyrotech does business as `Crane Cor Tec,' and Dyrotech holds out `Crane Cor Tec' as [its] `division.'" Bay Lines asserted against all of the defendants an AEMLD claim, negligent or wanton manufacture and assembly of the freight trailers, and breach of an express warranty. Bay Lines also alleged against Dyrotech a claim based on the breach of the contract between Dyrotech and Stoughton, arguing that Bay Lines was a third-party beneficiary of any warranties given by Dyrotech to Stoughton. Against Stoughton alone Bay Lines alleged revocation of acceptance.
The amended complaint alleged that the panels manufactured by Dyrotech failed in late 1998 and that Stoughton was informed of the failures. Bay Lines alleged that the panels "contained" warranties, but that these warranties were not delivered to Bay Lines when the trailers were leased or purchased.
Two warranties were included as exhibits to the amended complaint. The "Clad-Tuff" warranty states:
"LIMITED 10-YEAR WARRANTY
"CLAD-TUFF
 "Cor Tec Company warrants that all standard Clad Tuff panels, under normal use and service, shall be free from delamination of the fiberglass reinforced plastic skin due to defects in material and workmanship for a period of 10 years from date of shipment, provided that Cor Tec is given immediate notice of such delamination and reasonable opportunity to examine the alleged defect.
 "Due to the variety of uses and applications for Cor Tec products, it is the responsibility of the user to determine the suitability of Cor Tec products for their particular application. Proper installation is the responsibility of the customer, and Cor Tec assumes no *Page 1016 
responsibility for faulty or improper installation of their products.
 "This warranty excludes damages due to misuse, negligence, mishandling, accident, mechanical abuse, fire or other casualty and is limited to the original equipment purchaser.
 "Cor Tec will repair, provide one replacement panel or, at its option, refund the purchase price of any standard CLAD TUFF, CLAD FOAM or SUPEROOF panel found to be defective under this warranty.
 "In no event shall Cor Tec be liable for incidental, consequential or special damages resulting from the use, service, or failure of any CLAD TUFF panel.
 "In the event that a defect does occur in a panel, call or write Cor Tec Company, Customer Service Department, 2351 Kenskill, Washington Court House, Ohio, 43160. Phone 1-800-879-4377.
 "THE FOREGOING WARRANTIES ARE IN LIEU OF ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR APPLICATION. EFFECTIVE FEBRUARY 1, 1987."
(Capitalization in original.)
The second warranty that Bay Lines alleges applies appears on the reverse side of an invoice from "Cor Tec Company, a division of Dyrotech Industries, Inc.," to Stoughton for 15 sets of panels sold in 1993. That invoice provides:
 "14. WARRANTIES. The products are warranted by Seller as follows: (a) Seller has the right to sell the Products, (b) Buyer and its customers shall have the right to enjoy the Products free of claims of third persons against Seller, and (c) The Product shall be free from manufacturing defects upon delivery in material and workmanship as described in Seller's product specification sheets and quality assurance criteria sheets: This does not apply to any Product which has been tampered with, improperly stored, exposed to extreme heat or moisture, or otherwise subject to misuse or abuse.
 "THE FOREGOING WARRANTIES ARE IN LIEU OF ALL OTHER WARRANTIES EXPRESS OR IMPLIED INCLUDING WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE.
 "Except as otherwise agreed to in writing in each specific instance, the obligation of Seller is limited: (i) in the case of any material breach of the warranties set forth in subparagraphs (a) and (b) above, to the reimbursement of the price paid by Buyer or its customer for such Product; and (ii) in the case of any breach of the warranty set forth in subparagraph (c) above, to any of the following (at Seller's option); refund of the purchase price, or repair, or replacement of any such defective Product without charge other than for transportation.
 "15. WARRANTIES CONTINUED. Seller shall not in any event be liable for incidental, consequential or special damages resulting from any use or failure of the Products, including without limitation, liability for loss of time to, profits of Buyer or the user or for any labor or any other expense, damage or loss occasioned by any such defect.
 "16. ARBITRATION. Any controversy arising under, or in any way related to this order or the subject matter hereof shall be settled by arbitration by three disinterested arbitrators in the City and State of New York, and under the laws of said State, in accordance *Page 1017 
with the rules of the American Arbitration Association then obtaining. All costs of such arbitration, and any proceedings directly or indirectly related thereto, including reasonable attorney's fees, shall be paid by the party against whom the arbitrator shall render their award or as otherwise directed by the arbitrators.
 "17. LAW. The Contract shall be governed and construed under the laws of the State of Illinois for Kemlite Products and the State of Ohio for Cor Tec Products."
Stoughton again moved under Rule 12(c), Ala.R.Civ.P., for a judgment on the pleadings as to all claims asserted against it in the amended complaint; that motion was granted. Crane moved to strike the claims against it asserted in the amended complaint on the ground that comparable claims had already been dismissed, and because, it argued, the amended complaint was time-barred. Dyrotech moved to dismiss the claims asserted against it in the amended complaint under Rule 12(b)(6), Ala.R.Civ.P. The trial court granted Crane's motion to strike and Dyrotech's motion to dismiss, and dismissed the action in its entirety as to both Crane and Dyrotech.
Bay Lines appeals from these dismissals, alleging that the trial court erred (1) in determining that the term "original equipment purchaser" in the "Clad-Tuff" warranty was unambiguous, and in its holding that the Clad-Tuff warranty did not cover the claims asserted by Bay Lines; (2) in holding that the Clad-Tuff warranty did not include the future performance of the goods, and that the statute of limitations, §7-2-725(1), Ala. Code 1975, therefore expired before Bay Lines brought its express-warranty claims against Crane and Dyrotech; (3) in dismissing the express-warranty claim against Dyrotech; (4) in finding that the economic-loss rule prevented Bay Lines from recovering in tort for damage that was only to the product itself; (5) in striking the amended complaint against Crane, when the amended complaint was filed within 10 days of a revised motion to dismiss and added a new claim of third-party breach of contract against Crane; and (6) in dismissing the third-party breach-of-contract claim against Crane and Dyrotech. Bay Lines identifies in the negative the claims as to which it appeals; that is, it lists the claims that it does not appeal, and allows this Court to infer that it is appealing as to all other claims. It appears that Bay Lines appeals as to the express-warranty claims against Dyrotech and Crane, the negligence and/or wantonness claims against Stoughton, Crane, and Dyrotech, and the third-party-contract-beneficiary claims against Dyrotech and Crane.
The decision to grant a motion to strike under Rule 12(c), Ala.R.Civ.P., is proper when the trial court determines that the material facts are not disputed. McCullough v. Alabama By-Products Corp.,343 So.2d 508, 510 (Ala. 1977). This Court reviews de novo a ruling on a motion to strike and views the facts in the complaint in the light most favorable to the nonmoving party. Willis v. Shadow Lawn Mem'l Park,709 So.2d 1241, 1242 (Ala.Civ.App. 1998).
This Court must review de novo the propriety of a dismissal for failure to state a claim and must resolve all doubts in favor of the plaintiff:
 "It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to *Page 1018 
relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). . . .
 "Where a 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala. 1982)."
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985).
 Warranty Claims
Express warranties are interpreted according to general contract principles. Ex parte Miller, 693 So.2d 1372 (Ala. 1997).
 "The construction of a written instrument is a function of the court. Federal Land Bank of New Orleans v. Terra Resources, Inc., 373 So.2d 314 (Ala. 1979). Whether an agreement is ambiguous is a question of law for the trial court. When its terms are clear and certain, the court, and not the jury, has the duty to determine the meaning of the agreement. Haddox v. First Alabama Bank of Montgomery, N.A., 449 So.2d 1226
(Ala. 1984). In order to ascertain the intention of the parties, the clear and plain meaning of the terms of the agreement are to be given effect, and the parties are presumed to have intended what the terms clearly state. Id."
Terry Cove North, Inc. v. Baldwin County Sewer Auth., Inc., 480 So.2d 1171,1173 (Ala. 1985).
Crane's Clad-Tuff warranty was given to Stoughton when Stoughton purchased the Clad-Tuff panels to build its trailers. The clear and unambiguous language of that warranty is that, "This warranty . . . is limited to the original equipment purchaser." The "equipment" discussed in the warranty is the Clad-Tuff panels, as indicated by the repeated references to Clad-Tuff panels in the text of the warranty and also by the heading above the text. The plain meaning of the term "original equipment purchaser" is the person or company that first purchased the Clad-Tuff panels from Crane.
Bay Lines argues that "original equipment purchaser" refers to the party that first purchased the completed trailers; however, that would be true only if Stoughton had issued the warranty to its purchasers. Because Crane undisputedly issued the warranty to Stoughton, the trial court correctly determined that under the plain meaning of the term "original equipment purchaser," Stoughton — not Bay Lines — was the original equipment purchaser of the Clad-Tuff panels. Bay Lines, therefore, cannot assert a claim under Crane's Clad-Tuff warranty. Moreover, "[a] party claiming to be a third-party beneficiary of a contract must establish that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental, benefit upon the third party." Weathers Auto Glass, Inc. v.Alfa Mut. Ins. Co., 619 So.2d 1328, 1329 (Ala. 1993). Bay Lines presented no evidence indicating that Crane knew, when it sold the panels to Stoughton, that Bay Lines was a purchaser of Stoughton's products, or that Crane intended to protect future customers of Stoughton, such as Bay Lines, when it warranted its products *Page 1019 
to Stoughton. Bay Lines, therefore, cannot rely on the warranty to support its claim against Crane.
A similar analysis applies to the "invoice warranty" from Dyrotech to Stoughton. Cor Tec, as a division of Dyrotech, issued the invoice for 15 sets of panels it sold Stoughton in 1993. At most, therefore, the invoice warranty can apply only to the 1993 sales of 15 sets of panels, and not to any previous or subsequent sales. More importantly, Bay Lines claims that this warranty extends to Stoughton's customers and, thus, to Bay Lines. This assertion misconstrues the language of the warranty.
Paragraph 14(b) of the invoice warranty grants a warranty of title to the "Buyer and its customers." Paragraph 14(b) is the only paragraph of the warranty that grants any warranty to a party farther down the distribution chain than the original purchaser from Dyrotech. Bay Lines, however, does not raise a warranty-of-title claim in its amended complaint. Instead, Bay Lines claims defects, not in the title, but in the product itself. Bay Lines' claim, therefore, must arise, not under paragraph 14(b), but under paragraph 14(c) of the warranty, which addresses defects upon delivery to the Buyer. However, paragraph 14(c), unlike paragraph 14(b), does not extend to subsequent purchasers. Therefore, Bay Lines cannot rely on the invoice warranty as the basis for its claims against Crane.
The standard of review for analyzing the granting of a motion to strike is the same as the standard of review for analyzing the granting of a motion to dismiss, a de novo standard in which doubts are to be resolved in favor of the nonmoving party. Under this standard of review, we conclude that the trial court correctly held that neither the Clad-Tuff warranty nor the invoice warranty applies to Bay Lines and that the trial court therefore properly dismissed Bay Lines' warranty claims. We, therefore, affirm the trial court's dismissal of all claims of breach of warranty.
 Tort Claims
Bay Lines argues that the trial court erred in dismissing its negligence or wantonness claims. "[O]ne cannot recover in tort for negligent manufacture of a product where the only injury is to the product itself. See Dairyland Ins. Co. v. General Motors Corp.,549 So.2d 44, 46 (Ala. 1989)." Ex parte Grand Manor, Inc., 778 So.2d 173,178 (Ala. 2000) (footnote omitted). This Court has explained:
 "`When a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to its contractual remedies are strong.
 "`The tort concern with safety is reduced when an injury is only to the product itself. When a person is injured, the "cost of an injury and the loss of time or health may be an overwhelming misfortune," and one the person is not prepared to meet. Escola v. Coca-Cola Bottling Co., 24 Cal.2d [453] at 462, 150 P.2d [436] at 441 (concurring opinion). In contrast, when a product injures itself, the commercial user stands to lose the value of the product, risks the displeasure of its customers who find that the product does not meet their needs, or, as in this case, experiences increased costs in performing a service. Losses like these can be insured. See 10A Couch on Insurance §§ 42:385-42:401, 42:414-17 (2nd ed. 1982); 7 Benedict on Admiralty, Form No. 1.16.7 (7th ed. 1985); 5A Appleman, Insurance Law and Practice § 3252 (1970).'"
Lloyd Wood Coal Co. v. Clark Equip. Co., 543 So.2d 671, 673 (Ala. 1989).
Bay Lines claims that defects in the panels caused it to suffer the loss of its *Page 1020 
investment in the trailers and an additional loss that resulted from the loss of the trailers, including having to purchase replacement trailers and having to pay its customers for such problems as delayed shipping and damaged freight. Those increased costs of doing business and customer displeasure are precisely the sorts of risks that can be considered before entering into a contract and that can be allocated in the contract. We should refrain from permitting tort actions when the basis for the claims should properly be dealt with between the parties under the law of contracts. Lloyd Wood Coal, supra. Applying the proper de novo standard of review for the dismissal of those claims, we affirm the trial court's dismissal of all the tort claims asserted against Stoughton, Crane, and Dyrotech for the injury claimed here.
 Third-Party Breach-of-Contract Claims
Finally, Bay Lines argues that it was error to dismiss its third-party breach-of-contract claims when it filed them within the time required by Rule 78, Ala.R.Civ.P. The trial court did not dismiss those claims solely because they fell outside the 10-day period permitted by Rule 78, but also because they fell outside of the 6-year statute-of-limitations period for contract claims. See § 6-2-34(9), Ala. Code 1975. The contracts to which Bay Lines alleges it was a third-party beneficiary were contracts for the sale of the panels to Stoughton; those contracts were all completed before May 1993. The claims filed in January 2000 were, therefore, more than six years after the dates of the completion of the contracts and were therefore time-barred. "[I]f a [judgment] correctly determines a case, the reasons on which the trial court acted are unimportant and the case will be affirmed." City ofMontgomery v. Couturier, 373 So.2d 625, 627 (Ala. 1979), citing Clanahanv. Morgan, 268 Ala. 71, 74, 105 So.2d 429 (1958). We, therefore, affirm the trial court's judgment dismissing and striking the claims for third-party breach of contract. For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.
MOORE, C.J., and BROWN, HARWOOD, and STUART, JJ., concur.
[1] Cor Tec is an unincorporated division of Dyrotech. It is not named as a party to this appeal.