The dispositive issue presented by this appeal is whether the plaintiffs can amend the complaint to add new defendants after a certificate of judgment had already been entered against the defendant named in the original complaint, where no appeal was taken from that judgment. Because we hold that, based on the facts of this case, the Alabama Rules of Civil Procedure do not permit the trial court to allow the plaintiffs to amend their complaint to add additional defendants after a certificate of judgment has been entered, we reverse the judgment of the trial court that permitted the plaintiffs to so amend their complaint, and we remand the cause to the trial court for further proceedings.
 Facts
Because a statement of the facts of this case is helpful in understanding the reasons we conclude that the judgment of the trial court should be reversed, we set out those facts for a more complete understanding of what led to the original dispute between the original parties and why we conclude that the plaintiffs should not have been permitted to amend their original complaint to add Pratt Capital, Inc. ("Pratt Capital"), as a defendant. We will, however, confine our discussion to those facts and the procedural history that relate to the issue presented.
On August 27, 1999, the plaintiffs, Thomas Boyett and Nelda Boyett, individually and doing business as Prattville Roller Rink (hereinafter referred to collectively as "the Boyetts"), sued George Creel in the Autauga Circuit Court,[1] alleging breach of contract, fraud, and conversion. The Boyetts alleged that they and Creel had agreed to acquire property in Elmore County on which they planned to build an entertainment facility to be known as the Action Zone. The Boyetts alleged that they had provided $61,500 for the purchase of the property and over $80,000 for improvements. They said that Creel had agreed to provide similar amounts of cash but that he did not. They also alleged that Creel had had title to the property placed in his name only, contrary to their agreement, and that on July 19, 1999, Creel had told them that the building would not be used for the Action Zone, but would be used for a restaurant. The Boyetts alleged that Creel stated that he would return the money the Boyetts had already invested within 30 days, i.e., by August 18, 1999. When Creel did not return the money, the Boyetts sued.
On September 27, 1999, Creel filed an answer. Neither party requested a trial by jury, and on October 25, 1999, the case was set for trial on February 1, 2000.
On November 5, 1999, Creel's attorney at that time filed a motion to withdraw as counsel, alleging that Creel had not complied with the employment agreement between Creel and him. On February 1, 2000, the case was continued, apparently because Creel did not attend the trial set on that date.
On March 1, 2000, the Boyetts filed a request for admissions, a motion to shorten time, and a motion to set the case for trial.[2] On March 7, 2000, the court *Page 140 
ordered that Creel respond to the request for admissions on or before March 22, 2000.[3] On March 21, 2000, the case was set for trial on April 25, 2000, at 1:30 p.m.
On March 22, 2000, the Boyetts filed a motion to compel discovery. In their motion they alleged that Creel had failed to respond to the request for admissions. On March 22, 2000, the court ordered that Creel respond to the request for admissions on or before April 5, 2000. On March 24, 2000, the Boyetts filed a motion for a summary judgment, alleging that, based on Creel's failure to respond to the request for admissions, there was no genuine issue of material fact and they were entitled to a judgment as a matter of law.
On March 29, 2000, the Boyetts' motion for a summary judgment was set for hearing on April 25, 2000, at 9:00 a.m. On April 19, 2000, Creel, represented by attorney J. Myron Smith, apparently responded to the request for admissions,[4] but his response does not appear in the record before us. On April 22, 2000, just three days before the hearing on the motion for a summary judgment, Creel deeded the property that is the subject of this dispute to Pratt Capital; the president of Pratt Capital was Creel's attorney, J. Myron Smith. On April 25, 2000, the trial court entered a summary judgment for the Boyetts against Creel. The docket notation states, "Case called for testimony on damages. Testimony taken. Upon hearing the evidence, testimony on damages alone taken, Judgment is entered in favor of Thomas Boyett and Nelda Boyett and against George Creel in the amount of $168,767 compensatory damages plus $100,000 punitive damages plus cost of court."
On April 26, 2000, a certificate of judgment was issued. On May 25, 2000, Creel, appearing pro se, filed a motion to alter, amend, or vacate the judgment and for findings of fact. On June 6, 2000, the court denied the motion. Creel did not appeal.
On September 13, 2000, the Boyetts filed an amendment to their original complaint, attempting to add as additional parties Pratt Capital, Inc., The People's Bank Trust Co., and fictitiously named defendants A, B, C, and D. On that same day, the Boyetts also filed a motion to set aside the transfer of the property by Creel to Pratt Capital, and they asked the court to perfect and enforce a lien on the property and to order its sale. On September 14, 2000, the Boyetts filed a motion for an injunction preventing Pratt Capital and Creel from encumbering or transferring the property.[5] On September 25, 2000, the trial court set the motion for an injunction and the motion to set aside the transfer of property for a hearing on November 7, 2000, at 9:00 a.m. On October 20, 2000, Pratt Capital filed a motion to dismiss, alleging various grounds, including: *Page 141 
 "The attempted Amendment of the cause of action originally filed against Defendant, George Creel, is improper in that such action was concluded by a judgment entered by the Court on August [sic] 25, 2000. There has been no appeal. The attempted Amendment erroneously presumes that the case remains an active viable action which is capable of amendment. In fact, the case had been finally concluded by entry of the judgment on August [sic] 25, 2000, which was some 19 [sic] days prior to the attempt at adding Pratt Capital, Inc., as a party and stating a cause of action against Pratt Capital, Inc.
". . . .
 "The plaintiffs have erroneously attempted to add Pratt Capital, Inc., as a Defendant after the trial of their case and after judgment was rendered and the `Amendment to Complaint' is a nullity, and must be disallowed as to Pratt Capital, Inc."
(Emphasis original.) In the motion to dismiss Pratt Capital also alleged that Pratt Capital, Inc., was improperly named as a defendant and also as a garnishee, and that the motion to set aside the transfer of property should have been filed in Elmore County, where the real property was located, rather than in Autauga County. On October 31, 2000, the trial court set the motion to dismiss for hearing on November 20, 2000, and on November 7, 2000, the trial court made the following entries on the case action summary sheet:
 "11-7-00 Motion for Injunction — argued — by agreement Injunction to issue — Pratt Capital is enjoined from further encumbering, transferring etc. to subject property. SR
 "11-7-00 Motion to set aside transfer argued — granted — See Order to follow SR
 "11-7-00 Motion to dismiss by Pratt Capital as set 11-20-00 argued this date — denied. SR"
On January 23, 2001, the trial court made the following entry on the case action summary sheet: "Motion to set aside transfer order of 11-7-00 is set aside. No written order following that 11-7-00 entry. Pratt Capital to file answer in 20 days. Case set for 2-20-01 @ 9:00 a.m." On February 20, 2001, the trial court made the following entry to the case action summary sheet: "Motion to set aside transfer is set for trial on 3-20-01 at 9:00 a.m. Before the Court this date, Plaintiff offers to move cause to Elmore County if Defendant Pratt Capital wants to change venue to Elmore County. Case transferred to Elmore County. . . . Case set in Elmore 3-28-01 @ 9:00 before this Judge."
On March 29, 2001, the trial court entered the following order on the motion to set aside the transfer of property:
 "This cause coming on before this Court upon the Motion to Set Aside the Transfer of Real Estate as filed by the original Plaintiffs, Thomas and Nelda Boyett as against Pratt Capital, Inc., as filed in the original cause of action in Autauga County, Alabama, and upon taking testimony of this cause in Elmore County, Alabama, on the issue presented in said Motion the Court does hereby find as follows:
"By way of review, the Court does give this history:
 "1. This cause was originally filed by the Plaintiffs against George Creel in Autauga County, Circuit Court with service on George Creel on August 27, 1999 for Breach of Agreement (Contract), Fraud and Conversion. Defendant filed Answer through Hon. Stephen Langham. *Page 142 
 "2. Plaintiff files Motion for Summary Judgment, the same being granted and date being set for hearing on damages.
 "3. Hearing on damages held on April 25, 2000, and judgment is entered in favor of Plaintiffs and against Defendant, George Creel in the sum of $268,767.00.
"4. Motion to Alter filed and denied.
 "5. Plaintiff files Motion to Set Aside Transfer and adds Pratt Capital and People's Bank and Trust.
"6. Plaintiff files Process of Garnishment.
 "7. Cause of Action transferred to Elmore County on motion for trial of issue of the setting aside the transfer of property.
 "Upon hearing the evidence, Court finds sufficient evidence provided by the Plaintiff and through testimony of the Defendant of a transfer of real estate by George Creel with actual intent to defraud creditors under their definition as cited in Section 8-9A-1 et seq. Code of Alabama 1975, as amended.
 "This Court finds that George Creel transferred the title to the real estate located in Elmore Court to the same attorney who represented him in the damages hearing of April 25, 2000.
 "Therefore, the transfer of the subject real estate located in Elmore County, Alabama, dated April 21, 2000 and recorded in RLPY 2000 14286, Office, Judge of Probate, Elmore County, Alabama, wherein George Creel is the grantor and Pratt Capital, Inc., was the named grantee, is set aside and held to be null and void as to the creditors of George Creel as of August 25, 2000.
 "The Plaintiffs are hereby authorized to proceed through the Court for an Order for Sheriff's Sale and shall stand second only to the priority of The People's Bank and Trust first mortgage lien.
 "The Court additionally taxes costs of this proceeding and attorneys' fees of $5000.00 against George Creel, the same is granted to the benefit of the Plaintiffs.
"ORDERED this the 29TH day of March, 2001.
"/S/ Sibley Reynolds
"CIRCUIT JUDGE"
On April 30, 2001, Pratt Capital filed a motion to alter, amend, or vacate the judgment, which the trial court denied on May 2, 2001. Pratt Capital appealed.
 Standard of Review
Justice See, writing for the Court in Bay Lines, Inc. v. StoughtonTrailers, Inc., 838 So.2d 1013 (Ala. 2002), set out the standard of review:
 "This Court must review de novo the propriety of a dismissal for failure to state a claim and must resolve all doubts in favor of the plaintiff:
 "`It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). . . .
 "`Where a 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does *Page 143 
not consider whether the plaintiff will ultimately prevail, only whether he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala. 1982).'
"Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985)."
838 So.2d at 1017-18.
 Discussion
Pratt Capital argues that the trial court committed reversible error by "conducting proceedings on allegations of `Amendment to Complaint' filedafter the conclusion of trial and entry of judgment on the original complaint, where Plaintiffs did not move for leave to amend and Court did not grant leave to Amend Complaint, and new Defendant objected to proceedings." (Pratt Capital's brief, p. 15, emphasis original.) We agree.
It is undisputed that the trial court issued a certificate of judgment in the Boyetts' case against Creel on April 26, 2000. On May 25, 2000, Creel filed a motion to alter, amend, or vacate the judgment and for findings of fact; the trial court denied this motion on June 6, 2000.
Rule 4(a)(1), Ala.R.App.P., provides:
 "[I]n all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure."
Rule 4(a)(3), Ala.R.App.P., provides:
 "The filing of a post-judgment motion pursuant to [Rule 59] of the Alabama Rules of Civil Procedure . . . shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion."
Because the motion to alter, amend, or vacate the judgment, filed pursuant to Rule 59, Ala.R.Civ.P., was denied on June 6, 2000, the last day Creel could have possibly filed a notice of appeal in this case was July 18, 2000.
Rule 54(b), Ala.R.Civ.P., states:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
(Emphasis added.) Clearly, a judgment is not subject to revision after all the claims of all parties have been adjudicated, absent a timely motion filed pursuant to Rules 55, 59, or 60, Ala.R.Civ.P. Although Creel, on May 25, 2000, filed a motion to alter, amend, or vacate the judgment, the court denied that motion on June 6, 2000, and Creel filed no notice of appeal. *Page 144 
Consequently, the judgment entered by the trial court in the case became final.
This case is similar to Hammond v. Realty Leasing, Inc., 351 So.2d 893
(Ala. 1977). In that case, the trial court dismissed the plaintiff's complaint, and the plaintiff appealed to this Court. After we dismissed his appeal, the plaintiff attempted to amend his original complaint, and the trial court dismissed the petition to amend. On appeal from that denial, this Court stated:
 "Amendments under Rule 15, Alabama Rules of Civil Procedure, are to be freely allowed, and this court has repeatedly said that Rule 15 must be liberally construed. E.g., Alabama Farm Bureau Mut. Casualty Ins. Co. v. Guthrie, 338 So.2d 1276 (Ala.Sup.Ct. 1976); Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 310 So.2d 469 (1975).
 "However, Rule 15 does not allow a party to amend his or her original complaint after an unsuccessful appeal.
 "`Where, although given an opportunity to amend, the pleader has stood upon his pleading and appealed from a judgment of dismissal, he will not normally be able to amend either in the appellate court, or in the trial court if the order of dismissal is affirmed, unless the mandate of the appellate court expressly permits such amendment.' 3 Moore's Federal Practice, 2d Ed., ¶ 15.11.
 "`To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.' 6 Wright Miller, Federal Practice and Procedure, § 1489, p. 445. The decision in Hammond [v. Realty Leasing, Inc., 342 So.2d 915 (Ala. 1977),] did not provide for any further amendment of the complaint."
351 So.2d at 895.
In Wiggins v. State Farm Fire Casualty Co., 686 So.2d 218 (Ala. 1996), the plaintiff obtained a default judgment against Chris Sanders on a complaint charging Sanders with assault and battery. After the default judgment had been entered in that case, the plaintiff attempted to add Sanders's insurance company as a defendant and force the insurance company to satisfy the default judgment pursuant to §§ 27-23-1 and -2, Ala. Code 1975. This Court held that the plaintiff could not recover against the insurance company in the action against Sanders and that to recover she would have to bring a separate action against the insurance company.
In Nichols v. Ingram Plumbing, 710 So.2d 454, 455 (Ala.Civ.App. 1998), the Court of Civil Appeals stated:
 "We must first consider whether this court has jurisdiction over this appeal, because `jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.' Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211
(Ala.Civ.App. 1997). When the judgment in favor of the [Municipal Workers' Compensation Fund, Inc.] was entered on September 7, 1995, the trial court completed its adjudication of all matters in controversy between the litigants. Yet, it appears that the case remained on the trial court's docket. A judgment that conclusively determines all of the issues before the court and ascertains and declares the rights of the parties involved is a final judgment. Crane v. American Cast Iron Pipe Co., 682 So.2d 1389, 1390 (Ala.Civ.App. 1996). Although the trial court subsequently purported to make `final' the Fund's default judgment, purported to grant Waffle House's `motion *Page 145 
to dismiss,' and purported to enter a new summary judgment in favor of Houston Plumbing and Ingram Plumbing, it had no jurisdiction to do any of those things. '[A] court cannot, by its subsequent action, divest a decree of its character of finality. A final decree is not rendered interlocutory by the retention of the case on the docket, nor by the subsequent rendition of another decree therein.' Mingledorff v. Falkville Downtown Redevelopment Authority, 641 So.2d 830, 832 (Ala.Civ.App. 1994), quoting 30A C.J.S. Equity, § 582, p. 649 (1965)."
454 So.2d at 455-56. See also Ex parte Insurance Co. of North America,523 So.2d 1064 (Ala. 1988) (rule on amendment of pleadings did not allow insured to amend complaint on remand after the Supreme Court had reversed the judgment against the insurer on the bad-faith count, even though the remand was without directions, where the mandate of the Supreme Court did not permit such an amendment and amounted to a final adjudication; overruling Havard v. Palmer Baker Eng'rs, Inc., 293 Ala. 301,302 So.2d 228 (1974)).
In this case, the Boyetts, suing individually and d/b/a Prattville Roller Rink, have attempted to amend their original complaint to add defendants after the judgment became final. All their claims against Creel had been adjudicated, and when that judgment was entered Creel was the only defendant. After the plaintiffs filed their amended complaint, Pratt Capital filed a motion to dismiss the complaint against it on the ground that "the amendment of the cause of action originally filed against George Creel, is improper in that such action was concluded by a judgment entered by the court on August [sic] 25, 2000," and that "[t]here has been no appeal." Pratt Capital further averred that "[t]he attempted Amendment erroneously presumes that the case remains an active viable action which is capable of amendment." The trial court denied Pratt Capital's motion to dismiss. We believe the trial court erred in allowing the plaintiffs to amend the original complaint to add additional defendants after a final judgment had been entered in the case. If the Boyetts want to set aside Creel's transfer of the real property, as may be permitted by law, they must file a separate proceeding.
The judgment of the trial court entered on April 25, 2000, in favor of the Boyetts on the original complaint was a final judgment, and no appeal was taken from that judgment. Consequently we reverse the judgment entered on plaintiffs' amended complaint, and we remand the cause to the trial court for proceedings consistent with this opinion.
This opinion was prepared by Retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, LYONS, JOHNSTONE, and WOODALL, JJ., concur.
[1] The case was later transferred to the Elmore Circuit Court.
[2] The Boyetts had filed a motion to shorten time on January 19, 2000, asking that the court shorten the time to respond to interrogatories from 30 days to 5 days. On January 21, 2000, the court granted the Boyetts' motion. The record before us does not contain a copy of the interrogatories. See Rule 10, Ala.R.App.P.
[3] The order stated: "[T]he Defendant is required to respond to Plaintiffs' Request for Admissions within fifteen (15) days from the date of this Order or unless the original time to respond of thirty (30) days comes first, whichever is shorter, with the applicable Alabama Rules ofCivil Procedure to apply." Because the request for admissions was filed on March 1, 2000, the 15-day period was the shorter period, and Creel was due to respond to the request for admissions on or before March 22, 2000.
[4] An entry on the case action summary sheet shows this fact.
[5] We note that Creel had transferred his interest in the property to Pratt Capital on April 22, 2000.