BOLIN, Justice.
Willard E. Ryals appeals from the trial court’s order enforcing a creditor’s judgment against him in favor of The Lathan Company, Inc. (“Lathan”). We dismiss the appeal.

Facts and Procedural History

The trial court summarized the facts in its order:
“1. On August 5, 2004, the Lathan Company (herein ‘Lathan’) brought suit against Craig Walker, individually, and as agent for Ryals Construction Co., for breach of a construction sub-contract and for fraud and/or misrepresentation. It was alleged that Walker and Ryals Construction contracted to do work for Lathan on a condominium project in Tuscaloosa and to provide worker’s compensation insurance for the project. La-than alleged that it made an advance payment to the defendants to procure the insurance; the defendants failed to do so; and as a result, Lathan sustained damages.
“2. On August 24, 2004, both Walker and Ryals Construction Co. were served *1177 by the Baldwin County Sheriff at 511 N. Highway 59, Summerdale, Alabama, 36580. Service was accepted by a Cristy Hagan, an employee of Ryals Real Estate.
“3. An answer denying the allegations of the complaint on behalf of Walker and Ryals Construction Co. was filed by attorney Lloyd Taylor, Esq. on September 28, 2004.
“4. On July 12, 200[5], this Court entered an order setting the case for trial on January 5, 200[6], and ordered the parties to mediation.
“5. On October 28, 2005, attorney Taylor filed a motion to withdraw as counsel for defendant Craig Walker.
“6. On January 4, 2006, the motion was granted.
“7. No one appeared on behalf of the defendants on the trial date and though not noted on the docket, default was entered on behalf of the plaintiff.
“8. On May 19, 2006, an affidavit in support of a default judgment was filed on behalf of [Lathan] and on May 24, 2006, a judgment was entered on behalf of [Lathan] and against Craig Walker and Ryals Construction Co. in the amount of $422,250.00.
“9. Some two years lapsed and on June 27, 2008, [Lathan] served post-judgment discovery on Ryals Construction Co. at 511 N. Highway 59, Summer-dale, Alabama 36580.
“10. The discovery went unanswered and on August 14, 2008, [Lathan] filed a motion for sanctions for the failure to respond to the discovery sent to Ryals Construction Co. at 511 N. Highway 59, Summerdale, AL 36580.[1]
“11. On [September] 2, 2008, appearing through counsel Lloyd Taylor, Ryals Real Estate and Willard E. Ryals filed a motion to strike the motion for sanctions, alleging that Ryals Real Estate and Willard E. Ryals had not been properly joined in the matter and that Ryals Construction Co. had no affiliation with Ryals Real Estate, Inc. or Willard E. Ryals.
“12. The motion to strike was granted on September 16, 2008. At that hearing, the Court ruled that the effort to add Willard Ryals and Ryals Real Estate as parties in a postjudgment sanction motion was procedurally improper.
“13. On September 22, 2008, [La-than] amended its complaint. In the amended complaint, [Lathan] purported to substitute Ryals Real Estate, Inc. as previous fictitious party A, and Willard E. Ryals as fictitious party B. [Lathan], however, did not simply re-allege the allegations of its initial complaint; rather it alleged that it was seeking to hold Ryals Real Estate and Willard Ryals liable as alter egos for the judgment it held against Ryals Construction Co. Thus, [Lathan] filed a new cause of action.[2]
*1178 “14. On October 23, 2008, counsel Lloyd Taylor again filed a notice of appearances for Ryals Construction Co., Willard E. Ryals, and Ryals Real Estate, Inc.
“15. The following day Ryals Real Estate and Willard E. Ryals filed a motion to strike or dismiss [Lathan’s] complaint. This motion was denied on December 17, 2008.
“16. A subsequent motion to reconsider the order denying motion to strike and/or dismiss the complaint was also denied on March 2, 2009.
“17. On April 8, 2009, Willard E. Ryals and Ryals Real Estate filed an answer to the amended complaint, asserting inter alia, that the claim was barred by the statute of limitations, res ■judicata, and issue preclusion. They also denied they had any ownership interest in or control of Ryals Construction Co.”
The trial court conducted a bench trial at which Lathan proceeded on the theory that Willard E. Ryals and Ryals Real Estate, Inc., were the alter egos of, and otherwise asserted control over, Ryals Construction Co. Because of this alter ego relationship, Lathan contended, Willard E. Ryals and Ryals Real Estate were liable for the judgment previously entered against Ryals Construction Co. Willard E. Ryals and Ryals Real Estate, on the other hand, asserted that the amended complaint violated Rule 4(f), Ala. R. Civ. P., the fictitious-party-practice rule, and was barred by the statute of limitations.
After considering the evidence and hearing the testimony, the trial court determined that Lathan’s amended complaint did not technically substitute Willard E. Ryals and Ryals Real Estate for fictitiously named parties in the original complaint, but, rather, that the amended complaint added those defendants to assert a new cause of action, i.e., a claim of alter ego liability for the judgment Lathan already held against Ryals Construction Co. Accordingly, the trial court held that La-than’s complaint was not barred by either Rule 4(f), Ala. R. Civ. P., or the statute of limitations. The trial court concluded from the undisputed evidence that Willard E. Ryals and Ryals Real Estate were alter egos of Ryals Construction Co. Based on this undisputed evidence, the trial court entered an order, finding that Willard E. Ryals and Ryals Real Estate were liable for the judgment previously entered against Ryals Construction Co. on May 24, 2006, in the amount of $422,250, plus post-judgment interest. Willard E. Ryals filed a postjudgment motion, which the trial court denied. Willard E. Ryals then appealed, essentially raising the same issues addressed by the trial court, i.e., whether Lathan’s amended complaint filed on September 22, 2008, is barred by Rule 4(f), Ala. R. Civ. P., and the two-year statute of limitations.[3] However, there is a thresh *1179 old issue that must be addressed — -whether the trial court had subject-matter jurisdiction. Lack of subject-matter jurisdiction may be raised at any time by a party or by a court ex mero motu. Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 n. 2 (Ala.1994).

Analysis

Lathan’s amended complaint filed on September 22, 2008, asserted a claim based on an alter ego theory.
“A claim based on the alter ego theory is not in itself a claim for substantive relief, but rather is procedural. A finding of fact of alter ego, standing alone, creates no cause of action. It merely furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation. An attempt to pierce the corporate veil is a means of imposing liability on an underlying cause of action such as a tort or breach of contract. It has been said that the alter ego doctrine is thus remedial, not defensive, in nature. One who seeks to disregard the corporate veil must show that the corporate form has been abused to the injury of a third party.”
1 Fletcher, Cyclopedia Corporations § 41.10 (1990). The trial court concluded that Lathan’s amended complaint asserted an entirely new action alleging a claim based on an alter ego theory “in essence almost in the nature of a creditor’s bill.”
In Backus v. Watson, 619 So.2d 1342 (Ala.1993), Backus initially sued Carousel Club 90, Inc. (“the club”), seeking damages under the Dram Shop Act for her alleged injuries; she obtained a substantial judgment. Backus later filed another action, naming as defendants the club, Jimmy Watson, and Syble Watson, seeking to set aside an alleged fraudulent transfer of the club’s assets. Backus alleged in the new complaint that the Watsons had used the club as their alter ego. Backus sought to hold the owner of a corporation personally liable under an alter ego theory (i.e., to pierce the corporate veil) for a judgment she had obtained against the club. “Backus’s present action against Watson was based on a cause of action entirely different from the one on which her action against the club was based.... ” 619 So.2d at 1344-45. In short, Backus filed a new complaint alleging the alter ego theory.
Here, Lathan attempted to amend his complaint to add two defendants and to assert a new postjudgment cause of action in the same proceeding. However, the default judgment entered on the original complaint was final. “ ‘A judgment that conclusively determines all of the issues before the court and ascertains and declares the rights of the parties involved is a final judgment.’ ” Pratt Capital, Inc. v. Boyett, 840 So.2d 138, 144 (Ala.2002)(quoting Nichols v. Ingram Plumbing, 710 So.2d 454, 455 (Ala.Civ.App.1998)). “A judgment that declares the rights of the parties and settles the equities is final even though the trial court envisions further proceedings to effectuate the judgment.” Wyers v. Keenon, 762 So.2d 353, 355 (Ala.1999). Otherwise stated, a judgment that is “definitive of the cause in the court below, leaving nothing further to be done, save [its enforcement],” is a final judgment. Ex parte Gilmer, 64 Ala. 234, 235 (1879).
“Claims adjudicated in a previous non-final order become final ... at the time the last party or claim is disposed of.” Oliver v. Townsend, 534 So.2d 1038, 1046 *1180 (Ala.1988). A “ ‘ “court cannot, by its subsequent action, divest a [judgment] of its character of finality. A final [judgment] is not rendered interlocutory by the retention of the case on the docket, nor by the subsequent rendition of another [judgment] therein.” ’ ” Boyett, 840 So.2d at 145 (quoting Nichols, 710 So.2d at 456, quoting in turn Mingledorff v. Falkville Downtown Redev. Auth., 641 So.2d 830, 832 (Ala.Civ.App.1994)). Neither can a final judgment “be made nonfinal by the trial court’s calling it nonfinal.” Smith v. Fruehauf Corp., 580 So.2d 570, 572 (Ala.1991).
In Harper v. Brown, Stagner, Richardson, Inc., 845 So.2d 777 (Ala.2002), the plaintiff obtained a judgment against a corporate defendant. Subsequently, the plaintiff moved to amend his complaint to add an individual defendant as a party defendant pursuant to Rule 60(b), Ala. R. Civ. P. The trial court allowed amendment. We reversed, holding that the plaintiffs Rule 60(b) motion did not attack the judgment in his favor against the corporate defendant and sought no relief from that judgment but, instead, sought only to amend its complaint to add an individual as a defendant. In Boyett, supra, the prospective purchaser of property sued his co-purchaser alleging breach of contract, fraud, and conversion after the co-purchaser allegedly acquired the title to property and refused to return the purchase money. After the trial court entered a summary judgment for the prospective purchaser and awarded compensatory and punitive damages, the prospective purchaser filed an amendment to his complaint, adding as a defendant the company of which the co-purchaser’s attorney was president, on the ground that the co-purchaser was fraudulently attempting to transfer the property to the company. The trial court granted the motion and found the transfer fraudulent. This Court held that the original judgment was final and that the co-purchaser could not amend his complaint. More recently, in Faith Properties, LLC v. First Commercial Bank, 988 So.2d 485 (Ala.2008), the bank brought an action against the personal guarantor of a business loan to seize proceeds the guarantor had realized from the sale of the guarantor’s property. The trial court entered a preliminary injunction and subsequently entered a default judgment against the guarantor. The guarantor filed a motion seeking relief from the default judgment. The bank then filed an amended complaint adding the guarantor’s wife and a grantee as defendants and seeking to set aside conveyances the bank alleged were fraudulent. The trial court allowed the amendment and subsequently entered a summary judgment for the bank. This Court held that the trial court lost jurisdiction to entertain an amendment to the bank’s complaint after it denied the motion to set aside the default judgment.
Lathan’s attempt to amend its complaint to substitute Willard E. Ryals and Ryals Real Estate for the fictitiously named parties in the original complaint so that the amended complaint would relate back to its original complaint is also unavailing.
Rule 4(f), Ala. R. Civ. P., provides:
“When there are multiple defendants and the summons ... and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment. After the entry of judgment, if the plaintiff is able to obtain service on a defendant or defendants not previously served (except, *1181 however, defendants designated as fictitious parties as allowed by Rule 9(h), who shall be deemed to have been dismissed voluntarily when the case was announced ready for trial against other defendants sued by their true names), the court shall hear and determine the matter as to such defendant or defendants in the same manner as if such defendant or defendants had originally been brought into court, but such defendant or defendants shall be allowed the benefit of any payment or satisfaction that may have been made on the judgment previously entered in the action.”
Lathan did not amend its complaint before trial to substitute a real party for a fictitiously named defendant. Because “[t]he beginning of trial operates as a dismissal of fictitiously named parties,” Ex parte Dyess, 709 So.2d 447, 452 (Ala.1997) (citing Rule 4(f), Ala. R. Civ. P.), Lathan’s attempt to amend its complaint to substitute a real party for a fictitiously named party after the final judgment was rendered was ineffectual.
We recognize that in the present case the trial court purported to treat La-than’s amended complaint filed on September 22, 2008, as a new action. However, the trial court did not charge Lathan a new filing fee, nor did the trial court assign the amended complaint a new case number. The trial court’s attempt to treat Lathan’s amended complaint as a new action was in words only and was not sufficient to commence a new action. See, e.g., § 12-19-70, Ala.Code 1975 (which provides that payment of a filing fee is mandatory).

Conclusion

Lathan could not amend its complaint after a final judgment had been entered, and the amended complaint could not simply be denominated a new action without being treated as one. Accordingly, the trial court did not have jurisdiction to enter its judgment against Willard E. Ryals and Ryals Real Estate, finding that those defendants were liable for the judgment previously entered against Ryals Construction Co. on May 24, 2006, in the amount of $422,250, plus postjudgment interest. A judgment entered by a trial court without subject-matter jurisdiction is void. Ex parte Norfolk Southern Ry., 816 So.2d 469, 472 (Ala.2001). Based on the foregoing, we dismiss the appeal as being from a void judgment.
APPEAL DISMISSED.
COBB, C.J., and STUART, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs specially.
WOODALL, J., concurs in the result.

. The postjudgment motion for sanctions also sought sanctions against Ryals Real Estate, Inc., and Willard E. Ryals.

. The amended complaint reads as follows:
"1) The original complaint filed in this case sated ‘Defendants, A, B, and C, are individuals and/or business entities associated with Craig Walker and/or involved with Craig Walker and/or Ryals Construction Company in performing a contract in Tuscaloosa, Alabama, and whose identities are unknown at this time but will be added by amendment once ascertained. [Lathan] now amends its complaint to name Ryals Real Estate, Inc. (An Alabama corporation) as Defendant 'A' and Willard E. Ryals as Defendant 'B.'
"2) As a result of intensive research [La-than] has proven that Ryals Real Estate, Inc. and Willard E. Ryals associated with and/or controlled Defendant Ryals Con *1178 struction Company and Defendant Craig Walker. All defendants operated out of the same small office at 511 North Highway 59, Summerdale, Alabama 36580. The defendants shared staff, office equipment and phone lines.
"3) [Lathan] received a judgment from this Honorable Court against Defendants Craig Walker and Ryals Construction Company jointly and severally on May 24, 2006. Because Defendants Ryals Real Estate, Inc. and Willard E. Ryals are the alter egos of and exerted control over Defendants Craig Walker and Ryals Construction Company, [Lathan] seeks a judgment of the Court adjudicating Defendants Ryals Real Estate, Inc., and Willard E. Ryals liable for the previously entered judgment plus accrued interest."
(Emphasis added.)

. We note that on March 30, 2010, this Court denied, without opinion, Willard E. Ryals’s petition for a writ of mandamus, which raised *1179 the same issues now before this Court on appeal. Ex parte Ryals (No. 1090755).