Rel: November 7, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0743

_____

**The Alabama High School Athletic Association and Heath Harmon, Executive Director of the Alabama High School Athletic Association**

**v.**

**W.T.K., a minor child, by and through his next of kin, M.L.K., and Marbury High School**

**Appeal from Montgomery Circuit Court**
**(CV-24-347)**

FRIDY, Judge.

The Alabama High School Athletic Association ("the AHSAA") and Heath Harmon, the executive director of the AHSAA (referred to collectively as "the AHSAA defendants"), appeal from a judgment of the

Montgomery Circuit Court ("the trial court") permanently enjoining them from imposing student restitution in the form of a three-game suspension against a high-school football player during the 2025 football season and imposing a $300 fine and a year's probation against Marbury High School for allowing that player to play in three games during the 2024 football season. We dismiss the appeal.

<u>Background</u>

On September 5, 2024, W.T.K. ("the player"), through his father ("the father"), filed a complaint against the AHSAA defendants, alleging that they had violated the Equal Protection Clause of the United States Constitution by exempting competitive cheerleading from the AHSAA's rule prohibiting students transferring from one school to another from playing a varsity sport for one year after their transfer. In the complaint, the player acknowledged that his parents had not made a bona fide move into the Marbury High School busing zone and that, therefore, he was ineligible to compete as a varsity player for Marbury High School for one year from the date of his enrollment there pursuant to the AHSAA's transfer rule. He asked the trial court, among other things, to enter an order restraining the AHSAA defendants from declaring him ineligible to

play varsity athletics for the 2024-2025 school year at Marbury High School.

The same day that the player filed the complaint, the trial court entered a temporary restraining order ("the TRO") directing the AHSAA defendants to immediately grant the player eligibility for participation in varsity athletics at Marbury High School. The TRO also ordered that the AHSAA defendants "shall be enjoined from declaring any contest where the [player] participates forfeited under [the transfer rule] provided that the [TRO] is in effect at the time the [player] participates in said contest." The trial court entered an amended TRO the next day indicating that the order applied only to the player.

On September 10, 2024, the AHSAA defendants filed a motion to dissolve the TRO. In the motion, the AHSAA defendants averred that the player had not complied with the requirements of Rule 65(b) and (c), Ala. R. Civ. P., including (1) providing an affidavit or verified complaint showing that an immediate and irreparable loss would result to the player before the AHSAA defendants could be heard in opposition, (2) providing a written certification from the player's attorney describing the efforts made to give notice to the AHSAA defendants and the reasons that

notice should not be required to be given before the entry of the TRO, and (3) giving security for the payment of costs, damages, and a reasonable attorney fee if the AHSAA defendants were found to have been wrongfully restrained. The AHSAA defendants also challenged the trial court's subject-matter jurisdiction to consider the complaint.

The trial court held an evidentiary hearing over two days, September 16 and 19, 2024, after which it entered an order determining that the player had failed to demonstrate that he was entitled to a preliminary injunction pursuant to Rule 65(d)(2), Ala. Civ. P. It also determined that the player had failed to present clear and convincing evidence of fraud, collusion, or arbitrariness by the AHSAA defendants, thus precluding the trial court from exercising jurisdiction over the matter. Thus, the trial court denied the player's request for a preliminary injunction.

After the trial court entered its order denying the player's motion for a preliminary injunction, the AHSAA defendants filed a motion asking the trial court to dismiss the action. On October 30, 2024, the trial court entered a judgment dismissing the action and explicitly declared

4

that the judgment of dismissal was a "final order." No party filed a postjudgment motion or appealed the October 30 judgment.

On January 31, 2025, Marbury High School, which had not previously been a party to the action, filed a motion to show cause as to why the AHSAA defendants should not be held in contempt of court for violating the TRO when the AHSAA imposed a $300 fine on Marbury High School and placed it on probation for one year for allowing the player to play in three games despite the trial court's TRO granting the player eligibility for those three games. In its motion to show cause, Marbury High School contended that the player was eligible to participate in the three varsity football games by virtue of the September 5, 2024, TRO, and the amended TRO of September 6, 2024, and that the AHSAA's attempt to sanction the high school for allowing the player to participate in those games could "only be viewed as a willful and deliberate violation" of the TRO.

On the same day Marbury High School filed its motion to show cause, the player also filed a motion to show cause as to why the AHSAA defendants should not be held in contempt for the AHSAA's penalizing him under its "student restitution" rule, which would require the player

5

to forgo participation in three games in the next football season because he had been ineligible to participate in the three games in which he had participated by virtue of the TRO. Like Marbury High School, the player also sought to enjoin the AHSAA defendants from imposing the sanction on him.

The trial court held an evidentiary hearing on March 7, 2025. On April 9, 2025, the trial court purported to enter an order finding that, among other things, Marbury High School had not been a party to the complaint brought on behalf of the player and that it had been placed "in the untenable position of having to choose between having to abide by a lawful court order [i.e., the TRO] or face punishment from the AHSAA for following said order."

The trial court concluded that it did not need to determine if the actions of the AHSAA defendants were contemptuous because, it said, the testimony at the hearing had indicated that the AHSAA's actions in imposing restitution on the player and sanctions on Marbury High School were arbitrary and did not comply with the AHSAA's own rules. The trial court permanently enjoined the AHSAA defendants from imposing student restitution against the player and from imposing the $300 fine

6

and probation against Marbury High School for permitting the player to participate in the three football games at issue.

The AHSAA defendants appealed the judgment to the Alabama Supreme Court, which transferred the appeal to this court pursuant to its determination that this matter is within this court's appellate jurisdiction under § 12-3-10, Ala. Code 1975. See Coprich v. Jones, 406 So. 3d 58, 63 (Ala. 2024).

In a series of status reports, the AHSAA defendants have informed this court that, despite the trial court's entry of the permanent injunction prohibiting the AHSAA defendants from disallowing the player to play in three games during the current football season, the player has, in fact, not played in the first three football games of his new high school, Prattville High School, during this season and that, as a result, the player is now eligible to play football for Prattville High School. Thus, the AHSAA defendants have moved to dismiss their appeal as it relates to that portion of the injunction prohibiting them from imposing the three-game suspension on the player while continuing to pursue its appeal as it relates to the injunction barring it from imposing the $300 fine and

probation on Marbury High School. We grant that motion and dismiss that portion of the AHSAA defendants' appeal relating to the player.

## Analysis

The AHSAA defendants contend that the trial court did not have subject-matter jurisdiction to enter the permanent injunction because, they say, the trial court had dismissed the lawsuit before Marbury High School and the player filed their show-cause motions. We agree.

The trial court dismissed the player's action against the AHSAA defendants in its judgment of October 30, 2024, and explicitly declared that the judgment was final. No party filed a postjudgment motion in the case, and the player did not appeal from that judgment. Neither Marbury High School, which was not a party in the original action, nor the player filed their show-cause motions until three months after the entry of the judgment dismissing that action.

In Faith Properties, LLC v. First Commercial Bank, 988 So. 2d 485, 490 (Ala. 2008), our supreme court observed that "it is well settled that 'a judgment is not subject to revision after all the claims of all parties have been adjudicated, absent a timely motion filed pursuant to Rules 55, 59, or 60, Ala. R. Civ. P.' Pratt Capital, Inc. v. Boyett, 840 So. 2d 138,

143 (Ala. 2002) (emphasis added)." The <u>Faith Properties</u> court further explained that "a trial court has no jurisdiction to entertain a motion to amend a complaint to add new claims or new parties after a final judgment has been entered, unless that 'judgment is first set aside or vacated' pursuant to the state's rules of civil procedure." <u>Id.</u> (quoting <u>Greene v. Eighth Jud. Dist. Ct. of Nevada</u>, 115 Nev. 391, 393, 990 P.2d 184, 185 (1999).

Moreover, "[a] trial '"court cannot, by its subsequent action, divest a [judgment] of its character of finality. A final [judgment] is not rendered interlocutory by the retention of the case on the docket, nor by the subsequent rendition of another [judgment] therein."'" <u>Faith Props.</u>, 988 So. 2d at 491 (quoting <u>Pratt Capital</u>, 840 So. 2d at 144-45, quoting in turn <u>Nichols v. Ingram Plumbing</u>, 710 So. 2d 454, 456 (Ala. Civ. App. 1998), quoting in turn <u>Mingledorff v. Falkville Downtown Redev. Auth.</u>, 641 So. 2d 830, 832 (Ala. Civ. App. 1994)).

In <u>Pierce v. American General Finance, Inc.</u>, 991 So. 2d 212, 214 (Ala. 2008), a circuit court entered an order dismissing American General's foreclosure action against Pierce because American General had not obtained leave from a federal bankruptcy court to prosecute its

claims against Pierce. Nonetheless, the circuit court later set the case for trial and held a bench trial. Pierce did not appear for the trial, and the circuit court purported to enter a judgment in favor of American General. Id. Our supreme court held that, "[b]ecause the circuit court entered a judgment dismissing this case and that judgment was never set aside, the circuit court was without jurisdiction to hold a trial and then to enter a second judgment." Id. at 217. Therefore, the Pierce court concluded, the judgment the circuit court purported to enter in favor of American General was void, and it dismissed the appeal. Id. at 218.

The fact that Marbury High School and the player were purporting in their show-cause motions to have the trial court enforce its judgment through its contempt power does not alter our analysis. Alabama law requires that, in cases of postjudgment contempt proceedings, the initiation of a new action is required for a trial court to obtain jurisdiction to consider the contempt claim. Milton v. Delta Props., LLC, 403 So. 3d 160, 165-66 (Ala. Civ. App. 2024); see also Hicks v. Hicks, 130 So. 3d 184 (Ala. Civ. App. 2012) (holding that, because in a contempt action arising from a boundary-line dispute no filing fee had accompanied the filing of

10

the motion for contempt, the trial court had lacked subject-matter jurisdiction and its order was void).

Here, the trial court dismissed the player's action against the AHSAA defendants on October 30, 2024, and, as a result, the trial court no longer had jurisdiction to consider additional claims or to add parties to the action. Thus, Marbury High School and the player were required to initiate new actions in seeking to have the AHSAA defendants held in contempt. However, nothing in the record indicates that when those parties filed their show-cause motions, a new action was commenced. The trial-court clerk's office did not assign a new case number to the show-cause motions, and there is no suggestion in the record or in the parties' appellate briefs that a filing fee was paid upon the filing of the show-cause motions. Therefore, the trial court never obtained subject-matter jurisdiction over the show-cause motions, and its purported judgment enjoining the AHSAA defendants from imposing sanctions on Marbury High School was void.

## Conclusion

Because the trial court's purported judgment of April 9, 2025, permanently enjoining the AHSAA defendants from imposing sanctions

11

against Marbury High School is void, and because a void judgment will not support an appeal, this court is compelled to dismiss the appeal, albeit with instructions to the trial court to vacate that judgment. <u>Hunt Transition & Inaugural Fund, Inc. v. Grenier</u>, 782 So. 2d 270, 274 (Ala. 2000). The AHSAA defendants' motion to dismiss the appeal insofar as it concerns the player is granted.

APPELLANTS' MOTION TO DISMISS APPEAL IN PART GRANTED; APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, and Bowden, JJ., concur.

Edwards, J., concurs in the result, without opinion.