NIMMONS, Judge.
We reverse appellant’s convictions for possession of cocaine and possession of drug paraphernalia because the state failed to prove possession by the defendant.
Two beer cans which had, at some time, been converted into cocaine smoking devices (“crackpipes”) were found by the searching officers in a cabinet underneath the bathroom sink in a duplex apartment occupied by the defendant’s girlfriend, Betty Ann Rivers, and her son (of unknown age). The apartment was rented to Rivers but the defendant sometimes “stayed” there, although he also “stayed” someplace else. The defendant and another black male were in a parking lot outside the apartment building when the officers arrived to search the premises.
Although the evidence established that two fingerprints of the defendant were found on one of the two beer cans, there is no evidence establishing whether the prints were placed on the can before or after the can was converted into drug paraphernalia. Clearly, the evidence was insufficient to prove possession by the defendant and the trial court erred in denying the defendant’s motion for judgment of acquittal which mo *890 tion was made at the close of the state s case-in-chief. See Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967); Arant v. State, 256 So.2d 515 (Fla. 1st DCA 1972); Markman v. State, 210 So.2d 486 (Fla. 3d DCA 1968).
REVERSED.
SHIVERS, C.J., and SMITH, J., concur.