Atheal Pierce appeals from a judgment entered by the Montgomery Circuit Court *Page 214 
in favor of American General Finance, Inc. ("American General"). Because we conclude that the circuit court was without jurisdiction to enter the judgment, we dismiss the appeal.
 I. Facts and Procedural History
In March 1998, American General loaned money to Pierce, for which it took a mortgage in a parcel of property he owned. In February 1999, American General loaned money to Pierce a second time, for which it took a mortgage in a separate parcel of property he owned. Pierce ultimately defaulted on both loans, as a result of which American General foreclosed on the mortgages. On April 26, 2005, before the foreclosure sale of the two parcels, Pierce filed a voluntary bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. The bankruptcy court dismissed his case on September 15, 2005. Pierce appealed the dismissal of his bankruptcy case to the United States District Court for the Middle District of Alabama.
On October 31, 2005, the foreclosure sale of Pierce's property was held. American General purchased both parcels of property at that sale and demanded that Pierce deliver possession of the property to it. Pierce failed to do so, and, on December 19, 2005, American General filed an ejectment action against Pierce. On December 28, 2005, the federal district court dismissed Pierce's appeal of his bankruptcy case as untimely filed.
On January 23, 2006, Pierce filed a motion to dismiss or to stay American General's action against him, alleging that his bankruptcy case was still pending. The circuit court entered an order on January 27, 2006, stating that American General's action would be dismissed without prejudice unless American General obtained leave from the bankruptcy court within 60 days to further prosecute its claims. On February 9, 2006, American General filed a motion to remove the case from the circuit court's administrative docket and to set it for trial. In its motion, it recounted the history of Pierce's bankruptcy case, pointing out that the bankruptcy case had been dismissed. On February 13, 2006, the circuit court set American General's action for a bench trial on May 31, 2006.
On March 26, 2006, the circuit court signed the following order:
 "[Pierce] filed a suggestion of bankruptcy in this case. An Order was issued that this action would be dismissed, without prejudice, unless within sixty (60) days [American General] obtained from the Bankruptcy Court and filed in this Court leave to further prosecute this claim. No leave to further prosecute has been filed.
 "Wherefore, it is hereby ORDERED that this cause is DISMISSED WITHOUT PREJUDICE."
(Capitalization in original.) The record reflects that this order was filed in the clerk's office on April 25, 2006, and was entered into the State Judicial Information System on May 2, 2006.[1]
Despite the judgment dismissing American General's action, the circuit court, on July 18, 2006, entered an order setting the case for a bench trial on August 29, 2006. There is no order in the record setting aside the circuit court's judgment of dismissal.
On August 29, 2006, Pierce filed a motion in which he appeared to request that the court stay all proceedings in the case. The circuit court denied Pierce's motion on the following day, with no explanation, by stamping "denied" on the face of the motion. *Page 215 
Pierce did not appear for the scheduled bench trial. On August 31, 2006, the circuit court purportedly entered a judgment in favor of American General. It found that American General was entitled to immediate possession of Pierce's property that had been subject to the mortgage executed in 1998, and it ordered the Montgomery County Sheriff to assist American General in obtaining possession of that property.[2] The purported judgment also included a monetary award to American General in the amount of $6,825 for the rental value of the property while Pierce wrongfully occupied it and for attorney fees American General incurred in bringing the action. Finally, the purported judgment declared that Pierce had forfeited his statutory right of redemption. Pierce appeals.
 II. Standard of Review
The issue on appeal is whether the circuit court had jurisdiction to proceed in the matter after dismissing the case without prejudice. We review such a question de novo.Solomon v. Liberty Nat'l Life Ins. Co., 953 So.2d 1211,1218 (Ala. 2006) ("We review de novo whether the trial court had subject-matter jurisdiction.").
 III. Analysis
Pierce contends that the circuit court's purported judgment of August 31, 2006, is void because, before the court entered that judgment, it had previously entered a judgment dismissing the case and therefore, he argues, it was without jurisdiction to proceed in the matter. We agree.
Rule 59(e), Ala. R. Civ. P., provides that a court, on the motion of a party, can alter, amend, or vacate a judgment if the Rule 59(e) motion is filed within 30 days of the entry of the judgment. No such motion appears in the record. Rule 59 likewise allows a trial court to alter, amend, or vacate its judgmentsua sponte within 30 days of the entry of the judgment,see Ennis v. Kittle, 770 So.2d 1090, 1091 n. 1 (Ala.Civ.App. 1999); however, no such order appears in the record.[3] Indeed, the next order in the record following the order of dismissal set the case for a bench trial on August 29, 2006, and it was not entered until July 18, 2006, well beyond the time period for the circuit court to act sua sponte
to alter, amend, or vacate its judgment of dismissal under Rule 59. In the absence of a Rule 59 motion, "`a trial court generally loses jurisdiction to amend its judgment 30 days after the entry of judgment.'" Burgoon v. Burgoon,846 So.2d 1096, 1097 (Ala.Civ.App. 2002) (quoting Henderson v.Koveleski, 717 So.2d 803, 806 (Ala.Civ.App. 1998)).
American General states that no bankruptcy case was pending when the circuit court entered its January 27, 2006, order requiring American General to obtain leave from the bankruptcy court to proceed with the case. Thus, it argues, the circuit court's subsequent dismissal of the *Page 216 
case was a "mistake" subject to correction under Rule 60(a), Ala. R. Civ. P.
Rule 60(a) provides:
 "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ."
The Committee Comments on 1973 Adoption of Rule 60(a) explain that the rule
 "deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus, the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced."
In Ex parte Brown, 963 So.2d 604 (Ala. 2007), this Court quoted the following "instructive discussion of the scope of a trial court's authority to correct a clerical mistake" under Rule 60(a) from the Court of Civil Appeals' decision inHiggins v. Higgins, 952 So.2d 1144 (Ala.Civ.App. 2006):
 "`"The object of a Rule 60(a)[, Ala. R. Civ. P.,] motion or a judgment nunc pro tune is to make the judgment or the record speak the truth. Under Rule 60(a) a correction may be made by the trial court at any time.
 "`"The trial court's authority to enter a Rule 60(a) order or a judgment nunc pro tune is not unbridled. It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a) and should properly be effected under Rule 59(e) or Rule 60(b)[, Ala. R. Civ. P.]"
 "`McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala.Civ.App. 1995) (citations omitted).
 "`Chief Justice Torbert explained the proper application of Rule 60(a) in his special concurrence in Ex parte Continental Oil Co., 370 So.2d 953, 955-56 (Ala. 1979):
 "`"Although there is no precise delineation in the cases construing Rule 60(a) of the [Alabama Rules of Civil Procedure] or its federal counterpart as to what constitutes a `clerical mistake or error arising from oversight or omission,' generally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp., 266 F.Supp. 605
(E.D.N.Y. 1967). In this respect it has been stated that:
 "`"`Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. *Page 217 
 In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.'
 "`"United States v. Stuart, 392 F.2d 60, 62
(3rd Cir. 1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b). `Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.' Wright 
Miller Kane, Federal Practice Procedure § 2854, at 149 (1973). This court has stated:
 "`"The object of a judgment nunc pro tune is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.'
 "`"Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 273, 28 So. 640, 641 (1900).
 "`"Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court's initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See Ex parte ACK Radio Supply of Georgia, 283 Ala. 630, 219 So.2d 880
(1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961); Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See Harris v. Harris, 256 Ala. 192, 54 So.2d 291
(1951)."`"
963 So.2d at 607-08 (emphasis added) (quoting Higgins,952 So.2d at 1147-48).
Even if we were to assume that the circuit court's orders following its dismissal of the case constituted an invocation of Rule 60(a), despite the absence of any order referencing that rule, any error in the entry of the judgment dismissing the case was not the kind of mistake "associated with mistakes in transcription, alteration, or omission of any papers and documents" that can be corrected pursuant to Rule 60(a). For this Court to hold otherwise would allow Rule 60(a) to be used "to supply non-action by the court" in the place of its action and to make its judgment "say something other than what was originally announced." This is not the function of Rule 60(a).
Because the circuit court entered a judgment dismissing this case and that judgment was never set aside, the circuit court was without jurisdiction to hold a trial and then to enter a second judgment. As a result, the judgment it purported to enter in favor of American General on August 31, 2006, is void.See Boykin v. Law, 946 So.2d 838, 844 (Ala. 2006). *Page 218 
"`[S]ince a void judgment will not support an appeal, it follows that the appeal is due to be dismissed.'" Greene v. Town ofCedar Bluff, 965 So.2d 773, 779 (Ala. 2007) (quotingUnderwood v. State, 439 So.2d 125, 128 (Ala. 1983)).
 IV. Conclusion
Based on the foregoing, we hold that the circuit court's purported judgment of August 31, 2006, is void and is due to be vacated. Because the circuit court's judgment is void, the appeal is dismissed.
APPEAL DISMISSED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] There is no explanation in the record for the delay in the filing or entry of the judgment.
[2] The judgment makes no mention of the property that was the subject of the mortgage executed in 1999, and the circuit court offers no explanation for the omission.
[3] American General notes that "the court put the case back on the active docket" on May 3, 2006. The case-action summary from the Alabama Judicial Data Center does include the following entry:
 "5/3/2006 CASE ASSIGNED STATUS OF: ACTIVE"
However, there is no basis for determining that the trial judge, as opposed to the court clerk, caused this entry to be made. In any event, the record is devoid of a properly rendered order of the circuit court setting aside the dismissal without prejudice or causing, in any way, the case to be placed on a particular docket following its dismissal without prejudice.