THOMAS, Judge.
E.E. Warhurst, Jr. (“the husband”), and Helen Warhurst (“the wife”) were divorced by a judgment of the Mobile Circuit Court on October 19, 2009. According to the State Judicial Information System, Donald Briskman, the wife’s attorney, filed a post-judgment motion on October 30, 2009, requesting that the trial court amend its judgment to award Briskman costs and an attorney fee.[1] The trial court continued the hearing on Briskman’s postjudgment motion on motions filed by the husband and, later, by Briskman. The trial court held a hearing on Briskman’s post-judgment motion on February 4, 2010, and, on March 23, 2010, it entered an order granting Briskman’s postjudgment motion and amending its October 19, 2009, judgment to award Briskman $3,350 as an attorney fee.
On March 29, 2010, Briskman filed a motion requesting that the trial court amend its March 23, 2010, order to denominate the $3,350 award to Briskman as costs instead of an attorney fee. On April 1, 2010, the husband filed a postjudgment motion requesting that the trial court vacate its amended judgment insofar as it awarded $3,350 to Briskman. The trial court granted Briskman’s motion to amend on April 6, 2010, and, on April 12, 2010, it entered an order stating that the $3,550 award to Briskman was for costs. The husband subsequently appealed to this court.[2]
On appeal, the husband argues that the trial court’s March 23, 2010, April 6, 2010, and April 12, 2010, orders were void for lack of jurisdiction. We agree.
Briskman filed his Rule 59(e), Ala. R. Civ. P., postjudgment motion on October 30, 2009. Rule 59.1 provides, in pertinent part:
“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
The record indicates that both the husband and Briskman filed motions to continue the hearing on Briskman’s postjudgment motion; however, those motions do not contain the parties’ express consent to extend the period for the trial court to rule on Briskman’s postjudgment motion. Thus, the motions to continue did not extend the 90-day period for the trial court to rule on Briskman’s postjudgment motion. See Burge v. Hayes, 964 So.2d 672, 675 (Ala.Civ.App.2006) (holding that a motion to continue a hearing on a postjudgment motion was ineffective to extend the period for the trial court to rule on the motion absent the express consent of the parties). Consequently, Briskman’s postjudgment motion was denied by operation of law on *666 January 28, 2010, and the trial court lost jurisdiction to rule on Briskman’s post-judgment motion on that date. See Moore v. Moore, 910 So.2d 137, 140 (Ala.Civ.App.2004) (“A trial court loses jurisdiction to rule on a postjudgment motion if it does not rule on the motion within the time prescribed by Rule 59.1.”).
Because the trial court lacked jurisdiction to enter its March 23, 2010, April 6, 2010, and April 12, 2010, orders, those orders are void. See Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 490 (Ala.2008) (“[A] judgment entered by a trial court without subject-matter jurisdiction is void.”). “A void judgment will not support an appeal, and ‘an appellate court must dismiss an attempted appeal from such a void judgment.’ ” Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)). Therefore, we dismiss the husband’s appeal and instruct the trial court to vacate its March 23, 2010, April 6, 2010, and April 12, 2010, orders.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.

. The record on appeal does not contain a copy of Briskman’s postjudgment motion. However, we ascertained the request contained in the motion from the trial court’s order granting Briskman’s motion.

. The husband’s postjudgment motion was denied by operation of law on June 30, 2010. See Rule 59.1, Ala. R. Civ. P. The husband filed his notice of appeal on May 3, 2010— before the denial of his postjudgment motion. Therefore, the husband’s notice of appeal was held in abeyance pending the disposition of his postjudgment motion. See Rule 4(a)(5), Ala. R.App. P.