MOORE, Judge.
A.L. (“the paternal grandmother”) appeals from a judgment of the Morgan Juvenile Court (“the juvenile court”), which purported to order that S.L. (“the child”) remain in the custody of the Morgan County Department of Human Resources (“DHR”), to determine that the paternal grandmother was not a viable placement option for the child, and to deny the paternal grandmother’s petition for custody of the child.

Procedural History

On March 12, 2010, the paternal grandmother filed a petition for custody of the child.[1] On January 12, 2011, J.A.L. and *395 D.T.L. (“the parents”) filed an answer to the paternal grandmother’s petition and a counterpetition for custody of the child. On January 19, 2011, K.D. (“the paternal aunt”), who had previously been awarded custody of the child (see supra note 1), answered the parents’ counterpetition. After a hearing, the juvenile court entered a judgment on March 17, 2011, denying the custody petitions of the paternal grandmother and the parents; the juvenile court specifically found that the custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863, 865 (Ala.1984), had not been met. The juvenile court did, however, modify the parents’ visitation award and designated the paternal grandmother as a visitation supervisor and a person to facilitate transportation for the parents’ visitations.
On April 6, 2011, the juvenile court entered an order stating:
“The Court has sufficient concerns as to the placement of the ... child, therefore, it is ORDERED that the case is set for a hearing on April 18, 2011....
“It is further ORDERED that the Alabama Department of Human Resources should have representative at said hearing for possible placement of said child into foster care.”
Following the April 18, 2011, hearing, the juvenile court entered an order on April 29, 2011, awarding DHR temporary custody of the child, ordering DHR to work with the paternal grandmother for possible placement of the child, and setting the case for a final hearing. After a final hearing on August 31, 2011, the juvenile court entered a judgment on November 30, 2011, stating, in part:
“[T]his matter was set before the Court on the Petition of the [paternal] Grandmother, A.L., for custody of the minor child and on the merits regarding the Court’s placement of the child within the custody of the Department of Human Resources (DHR). Present in Court was Steve Sasser, counsel for DHR, Carl Cowart, as guardian ad litem, Kevin Kusta, counsel for the father, Denise Hill, counsel for the mother, and Bob Long, counsel for the grandmother. Testimony and evidence were submitted and the matter was taken under advisement.”
The juvenile court concluded that the paternal grandmother’s petition for custody was due to be denied, that the child remained dependent, that placement with the paternal grandmother would be contrary to the welfare of the child, and that the child was to remain in DHR’s custody. The entry on the State Judicial Information System’s case-action-summary sheet Stated: “PETITION OF [PATERNAL] GRANDMOTHER IS AGAIN DENIED CHILD TO REMAIN W/DHR.” (Capitalization in original.)
On December 14, 2011, the paternal grandmother filed a postjudgment motion; that motion was denied by an order rendered by the juvenile court on December 21, 2011, and entered on December 28, 2011. See Rule 59.1, Ala. R. Civ. P., and 2008 Comments thereto. On January 11, 2012, the paternal grandmother filed her notice of appeal to this court.

Discussion

On appeal, the paternal grandmother argues that the juvenile court erred in denying her petition for custody and in determining that she was not a viable placement for the child. We must first address the jurisdictional issues present in this appeal. *396 F.G. v. State Dep’t of Human Res., 988 So.2d 555, 556 (Ala.Civ.App.2007).
We initially note that no post-judgment motion was filed after the entry of the March 17, 2011, judgment denying the custody petitions of the paternal grandmother and the parents. Further, although a juvenile court retains jurisdiction to amend a judgment for 14 days after a judgment is entered, the juvenile court did not amend the judgment within that 14-day period. Rule 1(C), Ala. R. Juv. P.
In Pierce v. American General Finance, Inc., 991 So.2d 212, 217-18 (Ala.2008), our supreme court reasoned:
“Because the circuit court entered a judgment dismissing this case and that judgment was never set aside, the circuit court was without jurisdiction to hold a trial and then to enter a second judgment. As a result, the judgment it purported to enter in favor of American General on August 31, 2006, is void. See Boykin v. Law, 946 So.2d 838, 844 (Ala.2006). ‘ “[Sjince a void judgment will not support an appeal, it follows that the appeal is due to be dismissed.” ’ Greene v. Town of Cedar Bluff, 965 So.2d 773, 779 (Ala.2007) (quoting Underwood v. State, 439 So.2d 125, 128 (Ala.1983)).”
Similarly, in the present case, the juvenile court entered a judgment denying the paternal grandmother’s petition for custody on March 17, 2011. That judgment was never set aside; therefore, the juvenile court was without jurisdiction to hold a trial and to enter a second judgment denying the paternal grandmother’s petition. Pierce, 991 So.2d at 217. As a result, the judgment the juvenile court purportedly entered on November 30, 2011, denying the paternal grandmother’s petition for custody is void. Id. A void judgment will not support an appeal. Jones v. Sears Roebuck & Co., 342 ,So.2d 16, 17 (Ala.1977). Accordingly, we dismiss the paternal grandmother’s appeal, albeit with instructions to the juvenile court to vacate its November 30, 2011, void judgment, as well as all other orders and judgments entered after the entry of the March 17, 2011, judgment denying the custody petitions of the paternal grandmother and the parents.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. According to a home-study report filed by DHR with the juvenile court, DHR had become involved with the child’s parents at the time of her birth due to concerns regarding the parents’ mental limitations and the father’s history of sexual abuse. The report stated that, in September 2008, DHR was awarded legal custody of the child and the child’s paternal aunt, K.D., was awarded physical custody of the child. The report further stated that, in March 2009, the paternal aunt was awarded legal custody of the child and that DHR subsequently closed the case. An initial order entered by the juvenile *395 court after the paternal grandmother’s petition for custody was filed confirmed that the child was, at that time, in the legal custody of the paternal aunt.