PITTMAN, Judge.
James Edward Jones (“the father”) appeals from a judgment in a postdivorce proceeding regarding postminority educational expenses. We affirm.
In December 2007, the Madison Circuit Court (“the trial court”) entered a judgment (“the divorce judgment”) divorcing the father and Carolyn Demetriess Jones (“the mother”). The divorce judgment contained a provision (“the college-education provision”) requiring the parties, subject to certain specified limitations and conditions, to pay for the college education of the parties’ 19-year-old daughter (“the daughter”), who had entered Howard University’s School of Communications in August 2007. After both parties filed Rule 59, Ala. R. Civ. P., motions, the trial court entered an order clarifying the college-education provision in February 2008.
As clarified by the February 2008 order, the college-education provision provided that, for all semesters after the fall 2007 semester, the father was required to pay two-thirds of an amount (“the net college expense”) calculated by adding the total tuition, room and board, required fees, and book expenses that would be incurred by a full-time, in-state student at the University of Alabama in Tuscaloosa (“the University of Alabama”) and by subtracting from that sum the amount of all grants, scholarships, and stipends awarded to the daughter that neither she nor the parties had to repay. The college-education provision further provided that, for all semesters after the fall 2007 semester, the mother was required to pay one-third of the net college expense. The parties’ obligations to pay them respective shares of the net college expense for all semesters after the fall 2007 semester were subject to several conditions, only one of which is material to this appeal. That condition provided that the parties’ obligations to pay their respective shares of the net college expense would terminate upon the daughter’s “ceasing to be a full-time student (as defined by the school or university attended).” For the fall 2007 semester, which the daughter had already completed, the college-education provision required the father to pay $6,660, which was approximately one-half of the total college expenses in the amount of $13,318 that the University of Alabama estimated that one of its full-time, in-state students would incur for the 2007-2008 academic year. The college-education provision stated that the mother was not required to pay a share of the daughter’s college expenses for the fall 2007 semester because the mother was not then employed.
Subsequent to February 2008, the parties were involved in a postdivorce proceeding that resulted in the trial court’s entering a judgment on March 20, 2009. In pertinent part, that judgment stated:
“7. At such time as the [mother] shall present to the [father] receipts or cancelled checks showing payment of college expenses owed to Howard University on behalf of [the daughter] for the Spring Semester of 2008, for the school year 2008-2009, and for subsequent school years at Howard University, pursuant to the previous orders of the Court, the [father] shall promptly pay his portion due for the same, being two-thirds of the same, up to and not exceeding the sum of $6,660.00 per semester.”
An order later entered by the trial court on November 4, 2009 (“the November 4, 2009, order”), indicates that the father timely filed a Rule 59 motion challenging the March 20, 2009, judgment on April 20, *425 2009;[1] however, that Rule 59 motion is not in the record on appeal. On July 20, 2009, the last day of the 90-day period during which Rule 59.1, Ala. R. Civ. P., allowed the trial court to rule on the father’s Rule 59 motion,[2] the trial court entered an order pursuant to Rule 59.1 (“the Rule 59.1 order”) memorializing the parties’ consent to extend the 90-day period for it to rule on the father’s Rule 59 motion by 45 days. Although the Rule 59.1 order itself is not in the record on appeal, the trial court recited the text of that order on the record at trial in the underlying action. According to the trial court’s recitation, the Rule 59.1 order stated:
“This matter came before the Court on a Motion and express consent of the [father] and the [mother] to extend the time for the Court to rule on a post-trial Motion and a Motion to set hearing.
“The post-trial motion that was filed on April 20[, 2009,] shall remain pending in the trial Court for an additional forty-five days from the expiration of the ninety days.”
The last day of that 45-day extension was September 3, 2009, and the trial court did not enter an order ruling on the father’s Rule 59 motion on or before that date. However, well after the expiration of that 45-day extension, the trial court entered the November 4, 2009, order, which stated:
“The [father] filed his Motion to -Alter or Amend, seeking to correct a typographical or clerical error contained in this Court’s Judgment dated March 20, 2009. The father’s motion sought to correct that Judgment to state accurately the [father’s] yearly obligation to provide financial support to his daughter’s efforts to obtain a college education.
“The Court finds that the Motion to Alter or Amend is due to be granted.
“The Court modifies and corrects paragraph number[ ] 7 of the Judgment rendered, on March 20, 2009, to state that the [father’s] obligation to help provide his daughter with a college education will not exceed the sum of $8,923.00 per school year. The [father’s] obligation is to pay two-thirds of the yearly cost of obtaining a college education, up to and not exceeding the sum of $8,923.00 per year.
“All other matters contained within the previous Judgment of the Court shall remain in full force and effect.”
In 2011, the father sued the mother, alleging that the daughter had ceased being a full-time student in the fall of 2009 and seeking a judgment declaring that he was not obligated to pay a share of the net college expense for the fall 2009 semester or any period ' thereafter. The father’s action was assigned to a different trial judge than the one who had presided in the divorce action and the first postdivorce action involving the parties. Answering the father’s complaint, the mother denied that the daughter had ceased being a full-time student in the fall of 2009. The mother also asserted a counterclaim alleging that the father had failed to pay most of his share of the net college expense and seeking a judgment (1) determining the *426 amount of the arrearage the father owed and (2) finding the father in contempt. The father answered the counterclaim with a general denial.
Following a bench trial at which it received evidence ore tenus, the trial court entered a judgment (1) finding that the daughter had entered Howard University at the beginning of the fall 2007 semester and had continuously attended Howard University until she graduated upon the conclusion of the spring 2011 semester; (2) finding that the daughter had been a full-time student throughout the period she attended Howard University; (3) determining that the trial court had lacked jurisdiction to enter the November 4, 2009, order and that, therefore, the November 4, 2009, order was void and the father’s share of the net college expense was not limited to $8,923 per year; (4) finding that the father’s failure to pay his share of the net college expense, after subtracting amounts the mother owed the father for judgments unrelated to the daughter’s college education, had resulted in a net arrearage in the amount of $34,726.21; (5) entering a judgment in favor of the mother in the amount of $34,726.21; and (6) denying all other claims of the parties. The father timely filed a Rule 59 motion. However, before the trial court had entered a ruling regarding the father’s Rule 59 motion and before the expiration of the 90-day period allowed by Rule 59.1 for the trial court to rule on the father’s Rule 59 motion, the father filed a notice of appeal, which was held in abeyance pursuant to Rule 4(a)(5), Ala. R.App. P., pending the disposition of his Rule 59 motion. The notice of appeal subsequently became effective when the trial court did not rule on the father’s Rule 59 motion within the 90-day period allowed by Rule 59.1.
Because the trial court received evidence ore tenus, our review is governed by the following principles:
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
The father first argues that the daughter ceased being a full-time student during the fall 2009 semester and that, therefore, the trial erred insofar as it determined that he owed a share of the net college expense for the fall 2009 semester and all subsequent semesters. The father bases this argument on the condition in the college-education provision providing that the parties’ obligation to pay their respective shares of the net college expense would terminate upon the daughter’s “ceasing to be a full-time student (as defined by the school or university attended).” The father argues that the daughter ceased being a full-time student *427 as defined by Howard University during the fall 2009 semester because, he says, Howard University defined a full-time student as a student who was taking courses that were worth at least 14 semester hours of academic credit (“credit hours”) and the 2 courses the daughter completed during the fall 2009 semester were worth only 6 credit hours.
It is undisputed that, at the beginning of the fall 2009 semester, the daughter enrolled in 6 courses and that those 6 courses were worth a total of more than 14 credit hours. It is also undisputed that, a week before final examinations that semester, the daughter withdrew from four of those courses and that the two courses she completed that semester were worth a total of only six credit hours. According to the father, although the daughter was a full-time student at the beginning of the fall 2009 semester, she became a part-time student when she reduced her course load to courses worth a total of only six credit hours.
In order to prove Howard University’s definition of a full-time student, the father introduced a tuition schedule used by Howard University (“the schedule”). The schedule indicates that a student in the School of Communications, the school in which the daughter was enrolled, was charged the tuition applicable to a full-time student if the student enrolled in courses worth a total of 14 or more credit hours and that a student in that school was charged the tuition applicable to a part-time student if the student enrolled in courses worth a total of fewer than 14 credit hours. Thus, the schedule indicates that Howard University’s reason for classifying a student as full-time or part-time was to determine the amount of the tuition it would charge the student and that Howard University classified a student as full-time or part-time based on whether, at the beginning of the semester, the student enrolled in courses worth a total of 14 or more credit hours. The schedule contains no indication that, once Howard University had classified a student as a full-time student at the beginning of a semester based on the student’s enrolling in courses worth a total of 14 or more credit hours, it subsequently changed the student’s classification from that of a full-time student to that of a part-time student if, later during the semester, the student reduced his or her course load to courses worth a total of fewer than 14 credit hours. Thus, the trial court could reasonably have inferred from the schedule that, once Howard University classified the daughter as a full-time student at the beginning of the fall 2009 semester based on her enrolling in courses worth a total of more than 14 credit hours, it did not subsequently change her classification from that of a full-time student to that of a part-time student because, later that semester, she reduced her course load to courses worth a total of fewer than 14 credit hours. Consequently, the trial court’s finding that the daughter was a full-time student throughout the period she attended Howard University is supported by substantial evidence, and, because that finding is supported by substantial evidence, we cannot hold that it is erroneous. See Allsopp v. Bolding, 86 So.3d 952, 959 (Ala.2011) (“ ‘Under the ore tenus standard of review, we must accept as true the facts found by the trial court if there is substantial evidence to support the trial court’s findings.’ ” (quoting Beasley v. Mellon Fin. Servs. Corp., 569 So.2d 889, 393 (Ala.1990))).
The father also argues that the trial court erred in determining that it had lacked jurisdiction to enter the November 4, 2009, order and that, because that order was void, the father’s share of the net college expense was not limited to $8,923 *428 per year. A trial court loses jurisdiction to rule on a Rule 59 motion if it does not rule on it within the 90-day period allowed by Rule 59.1 or an extension of that period properly effected in accordance with Rule 59.1. See, e.g., Warhurst v. Warhurst, 64 So.3d 664, 665-66 (Ala.Civ.App.2010). After a trial court loses jurisdiction to rule on a Rule 59 motion, any ruling it purports to enter on such a motion is void. See, e.g., Warhurst, 64 So.3d at 666. It is undisputed that the trial court did not rule on the father’s Rule 59 motion challenging the March 20, 2009, judgment within the 90-day period allowed by Rule 59.1 or the 45-day extension of that period effected in accordance with Rule 59.1. Consequently, the trial court did not have jurisdiction to rule on the father’s Rule 59 motion when it entered the November 4, 2009, order. However, the father argues that the November 4, 2009, order should be treated as an order correcting a mere clerical error pursuant to Rule 60(a), Ala. R. Civ. P., and that, therefore, the trial court had jurisdiction to enter it.
A trial court may, pursuant to Rule 60(a), correct clerical errors in its orders or judgments at any time. In pertinent part, Rule 60(a) provides: “Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party....” (Emphasis added.) The father bases his argument that Rule 60(a) applies to the November 4, 2009, order solely upon the statement in that order describing the father’s Rule 59 motion as seeking to correct a “typographical or clerical error” in the March 20, 2009, judgment. Despite that description of the father’s Rule 59 motion, however, the November 4, 2009, order does not expressly state that a clerical or mechanical error caused the March 20, 2009, judgment to provide that the father’s share of the net college expense was limited to $6,660 per semester instead of $8,923 per year. In Pierce v. American General Finance, Inc., 991 So.2d 212, 216-17 (Ala.2008), the supreme court stated:
“ ““ “Chief Justice Torbert explained the proper application of Rule 60(a) in his special concurrence in Ex parte Continental Oil Co., 370 So.2d 953, 955-56 (Ala.1979):
“ ‘ “ ‘Although there is no precise delineation in the cases construing Rule 60(a) of the [Alabama Rules of Civil Procedure] or its federal counterpart as to what constitutes a “clerical mistake or error arising from oversight or omission,” generally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y.1967)....
(( l U l (( »
[[Image here]]
Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b). “Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.” Wright & Miller & Kane, *429 Federal Practice & Procedure § 2854, at 149 (1973). This court has stated:
“ ““ “The object of a judgment nunc pro tunc is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.”
“ ‘ “ ‘Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 278, 28 So. 640, 641 (1900).
“ ‘ “ ‘Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court’s initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See Ex parte ACK Radio Supply of Georgia, 283 Ala. 630, 219 So.2d 880 (1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961); Tom-brello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See Harris v. Harris, 256 Ala. 192, 54 So.2d 291 (1951).’ ” ’ “[Ex parte Brown ], 963 So.2d [604,] at 607-08 [ (Ala.2007) ] (emphasis added) (quoting [Higgins v.] Higgins, 952 So.2d [1144,] at 1147-48 [ (Ala.Civ.App. 2006) ]).”
As noted by the supreme court in Pierce, supra, “ ‘ “ ‘it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned.’ ” ’ ” In the present case, there is nothing in the record indicating that the trial court originally intended to limit the father’s share of the net college expense to $8,923 per year rather than $6,660 per semester and that its providing for the latter instead of the former in the March 20, 2009, judgment resulted from a clerical, ministerial, or mechanical error. In the absence of such an indication in the record, the November 4, 2009, order constituted a purported modification of the March 20, 2009, judgment pursuant to Rule 59 rather than the correction of a clerical error pursuant to Rule 60(a). See Pierce, supra. However, because the trial court had lost jurisdiction to modify the March 20, 2009, judgment pursuant to Rule 59 before it entered the November 4, 2009, order, that order was void. See Warhurst, supra. Accordingly, the trial court did not err in determining that it had lacked jurisdiction to enter the November 4, 2009, order and that, because that order was void, the father’s share of the net college expense was not limited to $8,923 per year. Therefore, we affirm the judgment of the trial court.
The father’s request for the award of an attorney’s fee on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. A Rule 59 motion must be filed not later than 30 days after the entry of the judgment. See Rules 59(b) and (e). Although the 30th day after the entry of the March 20, 2009, judgment was April 19, 2009, that day was a Sunday. Consequently, Rule 6(a), Ala. R. Civ. P., extended the 30-day period for the father to file his Rule 59 motion until the end of the next business day, which was Monday, April 20, 2009.

. The 90th day after the filing of the father’s Rule 59 motion was July 19, 2009; however, because July 19, 2009, was a Sunday, Rule 6(a), Ala. R. Civ. P., extended the 90-day period until the end of the next business day, which was Monday, July 20, 2009.