MOORE, Judge.
D.F.C. (“the father”) appeals from a judgment of the Talladega Juvenile Court (“the juvenile court”) modifying custody of the parties’ child to T.D. (“the mother”). We dismiss the appeal.
On August 15, 2012, the mother filed a petition alleging that the child was dependent and requesting that custody be awarded to her. On October 23, 2012, the father answered the petition. After a trial, the juvenile court entered a judgment on February 21, 2013, awarding custody of the child to the mother. On March 1, 2013, the juvenile court set the case for a hearing upon its own motion to alter, amend, or vacate. After a hearing, the juvenile court entered an order on March 8, 2013, stating that its motion had been denied by operation of law. On March 12, 2013, the juvenile court entered an order withdrawing the March 8, 2013, order and amended its February 21, 2013, judgment with regard to the father’s visitation. On March 13, 2013, the father filed his notice of appeal to this court. The mother subsequently filed a motion to dismiss the appeal as untimely.
“ A notice of appeal in a juvenile action must be filed within 14 days of the date of entry of the judgment or the denial of a [timely filed] postjudgment motion.’ ” C.B. v. D.P.B., 80 So.3d 918, 920 (Ala.Civ. App.2011) (quoting H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1279 (Ala.Civ.App.2009)); see also Rule 4(a)(1), Ala. R.App. P. The juvenile court entered its final judgment on February 21, 2013; the father filed his notice of appeal on March 13, 2013, 20 days later. Therefore, to be deemed timely, the notice of appeal must have been filed within 14 days of the denial of a timely filed postjudgment motion.
Neither party filed a postjudgment motion. In its March 1, 2013, order, the juvenile court stated that it had set a hearing on its own motion to alter, amend, or vacate the February 21, 2013, judgment. We recognize that a juvenile court may, on its own motion, vacate or amend its judgment within 14 days of the entry of a final judgment, pursuant to Rule 59, Ala. R. Civ. P., see Ennis v. Kittle, 770 So.2d 1090, 1091 n. 1 (Ala.Civ.App.1999), and Rule 1(B), Ala. R. Juv. P. (reducing 30-day time limit in Rule 59 to 14 days). However, we have found no authority by which a juvenile court may file a postjudgment motion that tolls the time for an appeal while it considers vacating or amending its judgment. Rule 6(b), Ala. R. Civ. P., generally provides that a court may not extend the time for taking any action under Rule 59, except as expressly stated within that rule. Hence, we conclude that the juvenile court did not, by its unusual action, toll the time for taking an appeal.
There being no valid postjudgment motion pending before the juvenile court, the time to appeal in this case expired 14 days after February 21, 2013, or on March 7, 2013. The father did not file his notice of appeal until March 13, 2013. “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App. P. Accordingly, we dismiss the *1161 father’s appeal.[1]
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. We also note that the juvenile court’s March 12, 2013, order is a nullity because it was entered outside of the 14-day time limit. See, e.g., Potter v. State Dep't of Human Res., 511 So.2d 190, 192 (Ala.Civ.App.1986).