THOMAS, Judge,
dissenting.
I agree with the main opinion that, for the reasons stated, the letter filed in .the Montgomery Juvenile Court on June 28, 2016, by T.N.B. (“the father”) was neither a timely postjudgmént motion nor a Rule 60(b), Ala. R. Civ. P., motion regarding the juvenile court’s May 17, 2016, order 'requiring the father to pay the attorney fees of K.M.D. (“the adoptive mother”). I, like the main opinion, also recognize that “Rule 60(b) requires that a party move for relief from a'judgment, and does not provide'for sua sponte i’elief by the trial court.” Ex parte P&H Constr. Co., 723 So.2d 45, 49 (Ala. 1998).
I do not'agree that, on July 8, 2016, “the juveñile court propeiiy raised the issue of the voidness of the award of attorney’s fees on its own motion.” 227 So.3d at 515. I begin by noting that the issue whether a court may properly sua sponte grant Rule 60(b) relief (as opposed to a 'sua sponte correction of a clerical error) is not easily resolved. See United States v. Pauley, 321 F.3d 578, 581 (6th Cir. 2003)(discussing the circuit split on the issue of a sua sponte grant of Rule 60(b) relief). However, the conclusion of the main opinion is in direct conflict with a long line of prior decisions of this court and our supreme court. See Rule 39(a)(1)(D), Ala R. App. P. Furthermore, Taylor v. Jones, 202 Ala. 18, 19, 79 So. 356, 357 (1918), the opinion upon which ■the main opinion relies, predates the adoption of the Alabama Rules of. Civil Procedure.
More recently, in Ex parte DiGeronimo, 195 So.3d 963, 968-69 (Ala. Civ. App. 2015), we explained:
“A trial court has the authority to alter, amend, or vacate a judgment on its own motion within 30 days[2] after the entry of that judgment. Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 215 (Ala. 2008). In addition, ’a trial court retains the power, to correct sua sponte any error in its judgment that comes to its attention during the pendency of a party’s Rule 59(e)[, Ala. R. Civ. P.,] motion to alter, amend, or vacate the judgment, regardless of whether the error was alleged or not alleged in the motion.’ Henderson v. Koveleski, 717 So.2d 803, 806 (Ala. Civ. App. 1998). However, a trial court lacks jurisdiction to modify or vacate a- judgment more than 30 days after the-entry of the judgment, after any request for postjudgment relief has been-denied, and when no motion seeking postjudgment relief under Rule 59 or Rule 60 is pending. Ex parte State Dep’t of Human Res., 47 So.3d 823, 830 (Ala. Civ. App 2010).”
(Emphasis added.) See also Ex parte State Dep’t of Human Res., 47 So.3d 823, 830 (Ala. Civ. App. 2010); Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 215 (Ala. 2008); Dickerson v. Dickerson, 885 So.2d 160, 166 (Ala. Civ. App. 2003); Ennis v. Kittle, 770 So.2d 1090, 1091 n. 1 (Ala. Civ. App. 1999); Cornelius v. Green, 477 So.2d *519 1363, 1365 (Ala. 1985); and Superior Sec. Serv., Inc. v. Azalea City Fed. Credit Union, 651 So.2d 28, 29 (Ala. Civ. App. 1994).
In this case, no pending motion had invoked the jurisdiction of the juvenile court when ,it entered its July 8, 2016, order determining that the May 17, 2016, order was void. Thus, the juvenile- court’s order was entered sua sponte at a point when it had no jurisdiction to act. I conclude, therefore, -that the juvenile court could not declare void, or otherwise set aside, the May 17, 2016, order in the July 8, 2016, order.
Because I believe that the juvenile court did not have subject-matter jurisdiction to enter the July 8, 2016, order, I conclude that the effective order in this case is the May 17, 2016, order and that the July 8, 2016, order is void. A void judgment will not support an appeal. A.C. v. In re E.C.N., 89 So.3d 777 (Ala. Civ. App. 2012). Accordingly, I would dismiss the appeal with instructions for the juvenile court to vacate the July 8, 2016, order. Therefore, I dissent.

. Instead of 30 days, the juvenile court in this • case had 14 days to-act, See Rule 1(B), Ala. R, Juv. P.