REL: December 1, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

————————————————

### CL-2023-0280

————————————————

### A.N.M.

### v.

### R.C.W.

### Appeal from Marshall Juvenile Court
### (CS-17-900134.02)

MOORE, Judge.

A.N.M. ("the mother") appeals from a judgment entered by the Marshall Juvenile Court ("the juvenile court") that, among other things, denied her request for a modification of custody of her children, J.A.W.

and L.A.W. ("the children"), and for a modification of her child-support obligation to R.C.W. ("the father"). We dismiss the appeal.

<u>Procedural History</u>

The record indicates that the juvenile court entered a judgment on December 15, 2017, that, among other things, awarded the parties joint legal custody of the children; awarded the father sole physical custody of the children, subject to the mother's visitation, which included visitation via telephone; and directed the mother to pay child support to the father in the amount of $200 per month. On December 10, 2021, the mother filed in the juvenile court a petition requesting, among other things, a modification of custody and of child support and a finding of contempt against the father.

On March 16, 2022, the mother filed a motion for a default judgment against the father; attached to her motion was the mother's affidavit in support of her requests for an award of sole legal and sole physical custody of the children, an award of visitation to the father of one hour every other Saturday, and an award of child support to the mother. The juvenile court entered an order on March 22, 2022, that

states, in its entirety: "Motion for default judgment filed by [the mother] is hereby granted."

On March 25, 2022, the father's retained counsel filed a notice of appearance, and, on that same date, the father filed a motion to set aside the default judgment. The juvenile court entered an order on March 25, 2022, setting the father's motion for a hearing on April 27, 2022. On April 4, 2022, the juvenile court entered a default judgment based on the mother's affidavit testimony, awarding the mother sole physical custody of the children, awarding the father "standard visitation," terminating the mother's child-support obligation to the father, directing the father to pay child support to the mother in the amount of $200 per month, and denying all remaining requested relief. Following the scheduled hearing on the father's motion to set aside the default judgment, the juvenile court entered an order on April 27, 2022, purporting to grant the father's motion and to set aside its April 4, 2022, judgment. On that same date, the juvenile court entered an "amended order," which stated, in its entirety: "[p]ursuant to Rule 60(a)[, Ala. R. Civ. P.,] the court sets aside the final order dated April 4, 2022, as being entered via clerical error."

3

The father proceeded to file an answer and a counterpetition, in which he requested an award of attorney's fees and any additional relief deemed proper by the court. Following a trial on the merits, the juvenile court entered a judgment on April 6, 2023, purporting to maintain the custody arrangement outlined in the December 15, 2017, judgment, but modifying the mother's telephonic visitation with the children, directing the mother to pay a portion of the father's attorney's fees, and denying all remaining requested relief. The mother filed a postjudgment motion on April 7, 2023, which the juvenile court purported to grant, in part, on April 19, 2023. The mother filed a notice of appeal to this court on May 2, 2023.

## Analysis

Although neither party has raised the issue of this court's jurisdiction to consider the mother's appeal, we do so ex mero motu. In K.M.G. v. B.A., 73 So. 3d 708, 710-11 (Ala. Civ. App. 2011), this court stated, in pertinent part:

> "On questions of subject-matter jurisdiction, this court is not limited by the parties' arguments or by the legal conclusions of the lower court. Rather, ' "jurisdictional matters

4

are of such magnitude that we take notice of them at any time and do so even <u>ex mero motu</u>."' <u>Singleton v. Graham</u>, 716 So. 2d 224, 225 (Ala. Civ. App. 1998) (quoting <u>Wallace v. Tee Jays Mfg. Co.</u>, 689 So. 2d 210, 211 (Ala. Civ. App. 1997), quoting in turn <u>Nunn v. Baker</u>, 518 So. 2d 711, 712 (Ala. 1987)). '"'[S]ubject-matter jurisdiction may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.'"' <u>M.B.L. v. G.G.L.</u>, 1 So. 3d 1048, 1050 (Ala. Civ. App. 2008) (quoting <u>S.B.U. v. D.G.B.</u>, 913 So. 2d 452, 455 (Ala. Civ. App. 2005), quoting in turn <u>C.J.L. v. M.W.B.</u>, 868 So. 2d 451, 453 (Ala. Civ. App. 2003)). '[W]e are obligated to dismiss an appeal if, for any reason, [subject-matter] jurisdiction does not exist.' <u>Ex parte Alabama Dep't of Human Res.</u>, 999 So. 2d 891, 895 (Ala. 2008)."

In the underlying action, on March 22, 2022, the juvenile court entered an order granting the mother's motion for a default judgment. On March 25, 2022, the father filed a motion to set aside what he described as a default judgment, pursuant to Rule 55(c), Ala. R. Civ. P., which provides:

"In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after the entry of the judgment."

5

However, when the father filed his March 25, 2022, motion to set aside the default judgment, the juvenile court had not yet entered a default judgment; instead, the trial court had only granted the mother's motion to enter a default judgment. The trial court did not actually enter a default judgment until April 4, 2022. Upon the entry of the default judgment on April 4, 2022, which conclusively decided each of the issues that had been raised in the mother's petition and in the father's counterpetition, the father's March 25, 2022, motion to set aside the default judgment quickened. See Richardson v. Integrity Bible Church, Inc., 897 So. 2d 345, 347 (Ala. Civ. App. 2004) (explaining that a postjudgment motion filed pursuant to Rule 55(c), Ala. R. Civ. P., to set aside a default judgment quickens on the day that the final judgment is entered).

A postjudgment motion filed pursuant to Rule 55 cannot remain pending in a juvenile court for more than 14 days, after which, unless the time for ruling has been extended in accordance with the Alabama Rules of Juvenile Procedure, the motion is automatically denied. See Rule 59.1, Ala. R. Civ. P.; Rule 1(B), Ala. R. Juv. P.; and Ex parte R.S.C., 853 So. 2d

6

228, 234 (Ala. Civ. App. 2002). In the absence of an order extending the time for ruling on the motion, the father's Rule 55(c) motion was denied by operation of law on April 18, 2022. On April 27, 2022, the juvenile court entered an order purporting to grant the father's motion, but that order was a nullity. See S.D.C. v. N.L., 864 So. 2d 1089, 1091 (Ala. Civ. App. 2002) (providing that any action upon a postjudgment motion that has been denied by operation of law is a nullity). The juvenile court's jurisdiction to set aside the judgment on its own motion also expired on April 18, 2022. See D.F.C. v. T.D., 142 So. 3d 1159, 1160 (Ala. Civ. App. 2013) ("[A] juvenile court may, on its own motion, vacate or amend its judgment within 14 days of the entry of a final judgment ...."). Thus, because the juvenile court's April 27, 2022, order was entered more than 14 days after the father filed his Rule 55(c) motion, the juvenile court no longer had jurisdiction to vacate the judgment at that time.

The juvenile court also entered on April 27, 2022, an order purporting to set aside the April 4, 2022, judgment "as being entered via clerical error," pursuant to Rule 60(a), Ala. R. Civ. P. Rule 60(a) provides, in pertinent part:

7

> "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ."

In interpreting Rule 60(a), this court has stated that "[t]he right to amend a judgment to correct a clerical error does not authorize the court to render a different judgment." Hurst v. Hurst, 582 So. 2d 1144, 1145 (Ala. Civ. App. 1991). In Pierce v. American General Finance, Inc., 991 So. 2d 212 (Ala. 2008), our supreme court held that the Montgomery Circuit Court could not use Rule 60(a) to vacate a final judgment dismissing a case because "any error in the entry of the judgment dismissing the case was not the kind of mistake 'associated with mistakes in transcription, alteration, or omission of any papers and documents' that can be corrected pursuant to Rule 60(a)[, Ala. R. Civ. P.]." 991 So. 2d at 217. Our supreme court concluded that, because the circuit court had entered a judgment dismissing the case and that judgment had never been set aside, the circuit court was without jurisdiction to hold a trial and to

enter a second judgment, and, as a result, the ensuing judgment was void. Id. at 217.

In the present case, like in Pierce, a final judgment was entered on April 4, 2022. Although the juvenile court purported to enter an order setting that judgment aside pursuant to Rule 60(a), the supreme court has confirmed, as illustrated by its holding in Pierce, that Rule 60(a) cannot be used in the manner employed by the juvenile court. Accordingly, that order was also a nullity. See City of Huntsville v. COLSA Corp., 71 So. 3d 637, 642 (Ala. 2011) ("[W]hen a trial court purports to exercise jurisdiction where it has none, every order and judgment entered pursuant thereto is void ab initio."); and Ex parte Britt, 212 So. 3d 963, 966 (Ala. Civ. App. 2016) (concluding that an order granting a Rule 60(a), Ala. R. Civ. P., motion that was entered outside of the trial court's authority to correct clerical errors "can have no effect"). Like in Pierce, although the juvenile court proceeded to conduct a trial on the merits and purported to enter a final judgment thereafter, it had lost jurisdiction to do so and the April 6, 2023, judgment is void.

9

<u>Conclusion</u>

The juvenile court lost jurisdiction to act following the denial by operation of law of the father's Rule 55(c) motion on April 18, 2022; therefore, each of the juvenile court's orders entered after that date are void and are due to be vacated.  Because the juvenile court's April 6, 2023, judgment is also void, the appeal is dismissed.

APPEAL DISMISSED.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.