Rel: July 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

## CL-2023-0818

_____

## M.C.

## v.

## K.H.

## Appeal from Russell Circuit Court
## (DR-23-156)

EDWARDS, Judge.

In August 2023, K.H. filed in the Russell Circuit Court ("the trial court") a petition seeking an order of protection from abuse ("PFA") pursuant to Ala. Code 1975, § 30-5-1 et seq. In her petition, K.H. alleged that M.C., with whom she had previously engaged in a relationship and

who was the father of two of her four children, had engaged in wrongful behavior against her, including stalking, harassment, and assault, and that she feared for her safety and for the safety of her children. The trial court entered an ex parte PFA order restraining M.C.'s contact with K.H. and her children and setting a trial on the petition to be held on October 3, 2023.

The record contains materials from a similar filing that had been made by K.H. in a court in Troup County, Georgia. Those materials were apparently filed in the trial court by M.C., but he filed no answer or motion in response to K.H.'s PFA petition. Apparently prompted by those materials, the trial court, on August 29, 2023, entered, sua sponte, an order dismissing K.H.'s PFA petition.[1] That order dismissed the case, dissolved the ex parte PFA order, stated that the case was to be removed from the docket, and stated that the case was closed.

---

[1]We note that Ala. Code 1975, § 30-5-4(c), explicitly provides that "[p]laintiffs shall not be barred from relief under this chapter [i.e., Ala. Code 1975, § 30-5-1 et seq.,] because of other proceedings or judgments involving the parties in a court of this state or any other state."

On October 3, 2023, the trial court entered, sua sponte, an order purporting to reinstate K.H.'s PFA action.[2] As stated in the purported reinstatement order, the trial court also entered on that date a purported final PFA order restraining M.C.'s conduct. M.C. appeals.

"Although no party has challenged our jurisdiction over any aspect of this appeal …, this court is bound to recognize a lack of subject-matter jurisdiction ex mero motu." LaRose v. LaRose, 71 So. 3d 651, 655 (Ala. Civ. App. 2011).

> "A trial court has the authority to alter, amend, or vacate a judgment on its own motion within 30 days after the entry of that judgment. Pierce v. American Gen. Fin., Inc., 991 So. 2d 212, 215 (Ala. 2008). In addition, 'a trial court retains the power to correct sua sponte any error in its judgment that comes to its attention during the pendency of a party's Rule 59(e)[, Ala. R. Civ. P.,] motion to alter, amend, or vacate the judgment, regardless of whether the error was alleged or not alleged in the motion.' Henderson v. Koveleski, 717 So. 2d 803, 806 (Ala. Civ. App. 1998). However, a trial court lacks jurisdiction to modify or vacate a judgment more than 30 days after the entry of the judgment, after any request for postjudgment relief has been denied, and when no motion

---

[2]Although we do not have any such pleading in the record of this appeal, the transcript provided to this court indicates that M.C. had also filed a PFA action in the trial court and that it had been assigned case number DR-2023-161. The actions taken by the trial court to reinstate K.H.'s action and to enter a final PFA action were apparently prompted by the trial on M.C.'s PFA petition, which was held on October 3, 2023.

> seeking postjudgment relief under Rule 59 or Rule 60[, Ala. R. Civ. P.,] is pending. Ex parte State Dep't of Human Res., 47 So. 3d 823, 830 (Ala. Civ. App. 2010)."

Ex parte DiGeronimo, 195 So. 3d 963, 968-69 (Ala. Civ. App. 2015); see also Rule 59(d), Ala. R. Civ. P. (providing that "[n]ot later than thirty (30) days after entry of judgment the court of its own initiative may order a new trial").

In the present case, the trial court dismissed K.H.'s PFA action on August 29, 2023. K.H. did not file a postjudgment motion directed to the August 29, 2023, dismissal order. The trial court's October 3, 2023, sua sponte order purporting to reinstate K.H.'s PFA action was entered outside the 30-day period during which the trial court retained jurisdiction to amend, modify, or vacate the August 29, 2023, order. Thus, the October 3, 2023, order did not effectively reinstate K.H.'s PFA action, and the October 3, 2023, final PFA order was entered without jurisdiction. See Pierce v. American Gen. Fin., Inc., 991 So. 2d 212, 217 (Ala. 2008) (explaining that, after a trial court dismisses an action, it lacks jurisdiction to hold further proceedings or to enter further orders in that action without a proper order reinstating the action). Because the

October 3, 2023, final PFA order was entered without jurisdiction, that order is void and will not support this appeal. <u>Pierce</u>, 991 So. 2d at 217-18. Accordingly, we dismiss M.C.'s appeal, albeit with instructions to the trial court to vacate both the October 3, 2023, order reinstating the PFA action and the October 3, 2023, final PFA order.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, Fridy, and Lewis, JJ., concur.